No. 7138.

## ESHELMAN v. SNYDER ET AL.

PRACTICE.—*Exception.—Time for Filing Bill.*—An exception must be taken at the time of a decision and reduced to writing during the term, unless an order is made during such term granting further time to file a bill, and time given *until* a day named does not include that day.

SAME.—*Pleading.—Complaint Cured by Verdict.*—Under a motion in arrest, a complaint which shows a cause of action, though defectively stated, will be deemed good after verdict.

SAME.—*Amendment of Pleading.*—*Transcript.*—An amended pleading should be refiled and a docket entry made of the fact, and, in making a transcript, the pleading as amended should be set out in connection with that entry.

MILL.— *Watercourse.*—*Artificial Stream Appurtenant to Saw-Mill.*—If the owner of land, upon which he has a saw-mill, by an artificial channel, conducts water to the mill to be used in its operation, and afterwards sells and conveys the mill and the land upon which it stands, the right to the flow of water in such channel will be carried by implication as appurtenant to the mill, and a diversion of the water by the grantor will be deemed an actionable wrong.

From the Marshall Circuit Court.

*J. D. McClaren, G. R. Chaney, A. C. Capron* and *A. B. Capron,* for appellant.

*M. A. O. Packard,* for appellees.

WOODS, J.—We have no brief from the appellees. The appellant has attempted, by means of a bill of exceptions, to save exceptions to the overruling of his demurrer to the second paragraph of the complaint, and of his motion for a new trial. The ruling upon the demurrer was had at the May term, 1875, but an exception was not noted, and no time given for filing a bill. The trial was not had until the October term, 1877, when a verdict was returned in favor of the appellees. Without saving exceptions, or taking any time therefor, the appellant procured of the court an order extending the time for filing a motion for a new trial "until the first day of the next term." The record shows that on the first day of the next term, the motion was filed, and seven days afterward was overruled, and thereupon judgment was rendered, and an order made allowing the appellant ninety days "in which to file his bill of exceptions." At the next term, within the time so allowed, the appellant presented his bill for signature, when the court, of its own motion, and over the exception of the appellees, extended the time for another period, within which the bill was settled, signed and filed.

It is well settled, that, unless filed at the time of the ruling complained of, or at most during the term when the ruling

was made, time must be given at that term within which the bill of exceptions may be afterwards filed, and the granting of the time must be shown by an entry of record made at the same term. *Backus* v. *Gallentine*, 76 Ind. 367 ; *Hart* v. *Walker*, 77 Ind. 331 ; *Supreme Lodge, etc.*, v. *Johnson*, 78 Ind. 110. The bill of exceptions is available, therefore, for no purpose except to show the evidence, if even for that purpose.

Assuming that, under the circumstances, the court had power to extend the time for filing the motion for a new trial beyond the term at which the verdict was rendered, the motion in this case was not filed within the time allowed. Time *until* a day named does not include that day. *Erb* v. *Moak*, 78 Ind. 569.

Error is assigned upon the overruling of the motion in arrest of judgment, which presents the question whether the second paragraph of the complaint, aided by the verdict, is sufficient. We think it is. It charges, in substance, that in March, 1865, the appellant erected upon his land a steam saw-mill, and, in order to secure a water supply for the operation of the same, constructed a ditch and so changed the natural course of a stream of water as to cause it to flow near the mill, the water being necessary for the operation of the mill, and being in fact used for that purpose until diverted by the appellant; that on the 27th day of May, 1865, the appellant sold the mill and the land on which it is situated, including the artificial channel of flowing water aforesaid with all the rights and privileges thereunto belonging, and the plaintiffs Benjamin Snyder and Samuel Hoffman became the owners of the mill (Benjamin Hoffman becoming the owner of the land), and on the first day of June, 1874, took possession and commenced and continued to operate the mill until the 14th day of July, 1874, when the defendant wrongfully constructed a ditch in such manner as to cut off the flow of water to the mill, and persists in keeping the ditch open and in so preventing the flow of water to the mill; and in consequence thereof the mill can not be operated, and the plaintiffs have been damaged, etc.

. It is objected to this complaint that it does not allege that the appellant had expressly granted the water privilege claimed to the appellees, nor show how they became the owners of the mill property, nor that they claim title under the appellant or his grantees; that the property is not sufficiently described; that both the dominant and servient estates ought to be accurately described; that it is not shown that water could not be otherwise obtained.

We have given the substance of the complaint as apparently it was when first filed. The record shows that on motion of the appellant, the court ordered it made more specific, and that in obedience to the order it was made more specific, but of the amendments, or of the entire pleading as amended, the record does not profess to give a copy. Strictly, therefore, the ruling on the motion in arrest is not before us, because it does not affirmatively appear that the complaint in the record is the complaint on which the judgment was rendered. Good practice requires that when a pleading is amended in order to be made more specific or otherwise, there should be a refiling of it as amended, with a distinct docket entry of the fact, and in making a transcript, the clerk should copy, not the original but the amended pleading, in connection with the proper docket entry.

Assuming that what in this instance is certified to be the original paragraph, is in fact the pleading as it was afterwards constructed under the order that it be made more certain, it must be conceded to be greatly lacking in perspicuity and in fulness of averment. There is, however, enough alleged to show a cause of action (though defectively stated) in favor of the plaintiffs against the appellant, and, this being so, the defects of statement, by a well settled and wholesome rule of practice, are deemed to be cured by the verdict. *Indianapolis, etc., R. R. Co.* v. *McCaffery,* 72 Ind. 294; *Pittsburgh, etc., R. R. Co.* v. *Noel,* 77 Ind. 110, and cases cited.

Under the facts averred, the conveyance of the land and mill carried by implication the right to the water privilege.

See *Neaderhouser* v. *State*, 28 Ind. 257; *Farmer* v. *Ukiah Water Co.*, 56 Cal. 11; *Cave* v. *Crafts*, 53 Cal. 135; *Simmons* v. *Cloonan*, 81 N. Y. 557; *New Ipswich Factory* v. *Batchelder*, 3 N. H. 190 (14 Am. Dec. 346); *Coolidge* v. *Hager*, 43 Vt. 9; S. C., 5 Am. R. 256; *Baker* v. *Bessey*, 73 Me. 472 (40 Am. R. 377).

Judgment affirmed.