(February 14, 1899.)

# WELLS v. PRICE.

[56 Pac. 266.]

SHARES OF STOCK IN CORPORATION—ATTACHMENT—EXECUTION.—
Shares of stock in a corporation can only be subjected to a debt
by seizure under attachment or execution in the manner prescribed
by the statutes relating to such seizure.

SAME—SHARES OF STOCK IN IRRIGATION CORPORATION NOT APPURTENANT
TO LAND.—Shares of stock owned by the execution defendant in
an irrigation corporation are not appurtenant to the lands owned
by such execution defendant although he irrigates such lands with
water from a canal owned by such corporation.

(Syllabus by the court.)

APPEAL from District Court, Bear Lake County.

T. L. Glenn, for Appellant.

The sole and only question is, Can the lands of the plaintiff,
the successor in interest of Francis Wilcox, be deprived, without
his consent or the consent of his predecessor in interest, of the
waters which had been regularly appropriated to them and un-
interruptedly used upon them for a period of at least fourteen
years? If it is real property, then the levy of the attachment
issued in the action of Deere, Wells & Co. in October, 1891,
seized the water rights of Francis Wilcox equally with the land,
and the sheriff's deed executed in May, 1896, by relation, con-
veyed it to the plaintiff. (*Sharp v. Baird,* 43 Cal. 577; *Porter
v. Pico,* 55 Cal. 165.) Section 2825 of the Revised Statutes of
Idaho defines real property as follows: "Real property or real
estate consists of lands, possessory rights to land, ditch and
water rights, and mining claims both lode and placer." This
question is original. There is not only a paucity of decision
upon it; there is absolutely none at all. It involves simply a
construction of section 4, article 15 of our constitution.

John A. Bagley, for Respondents.

What interest has a stockholder in the corporate property?
How may it be attached? As to the first question, the corpora-
tion owns the property in the case at bar; the Upper South

Field Irrigation Company owned the water. Wilcox had no title to it. (*Gorman v. Gilson*, 28 Cal. 479; *Gashwiler v. Willis*, 33 Cal. 11; *Mickles v. Rochester City Bank*, 11 Paige, 128, 43 Am. Dec. 103, and note; *Wheelock v. Multon*, 15 Vt. 521; *Wright v. Oroville*, 40 Cal. 20.) The property of a corporation is owned by the corporation, and not by the individual members. (*Button v. Hoffman*, 61 Wis. 20, 50 Am. Rep. 131, 20 N. W. 667, and cases cited; *Baldwin v. Canfield*, 26 Minn. 43, 1 N. W. 261; *Bank v. Railroad Co.*, 13 N. Y. 599; *Brewster v. Hartley*, 37 Cal. 15, 30, 99 Am. Dec. 237; Clark on Corporations, 257; *Fisher v. Bank* 5 Gray (Mass.), 373, 377; *Burrall v. Railroad Co.*, 75 N. Y. 211, 216.) The fact that Wilcox and others appropriated these waters and used them upon their lands before the corporation was incorporated does not support plaintiff's contention. Before incorporation, the water appropriated by Wilcox and used upon his land was separate and distinct from the land—that is, he could sell the land and retain the water, or he could sell the water and retain the land. (*Oppenlander v. Left Hand Ditch Co.*, 18 Colo. 142, 31 Pac. 854; *Frank v. Hicks*, 4 Wyo. 502, 35 Pac. 475, 1025; *Bloom v. West*, 3 Colo. App. 212, 32 Pac. 846; *Strickler v. City*, 16 Colo. 61, 25 Am. St. Rep. 245, 26 Pac. 313; Pomeroy's Riparian Rights, sec. 58; Gould on Waters, 234; *Cache La Poudre Irr. Co. v. Reservoir Co.*, 25 Colo. 144, 71 Am. St. Rep. 123, 53 Pac. 318; *Ada Co. etc. Co. v. Farmers' Canal Co.*, 5 Idaho, 791, 51 Pac. 990.)

QUARLES, J.—There is only one question presented by the record in this case, to wit: Did the plaintiffs, by purchase at execution sale of the lands mentioned in the complaint, acquire with said lands, and as appurtenant thereto, the shares of stock owned by the execution defendants in that certain corporation known as the Upper South Field Irrigation Company? The allegations of the complaint, which we must consider as true, the same being confessed by the demurrer, show: That said lands were attached under a writ of attachment that issued in the action brought by said plaintiffs against said execution defendants, Francis Wilcox and George Wilcox, on the seventeenth day of October, 1891, but did not attach the shares of stock held in

said corporation by the said execution defendants, in the manner provided by subsection 4, section 4307 of the Revised Statutes. That said action proceeded to judgment in February, 1895, and the execution sale thereunder October 28, 1895, and sheriff's deed therefor was made May 1, 1896. That, many years prior thereto, the execution defendants and other residents in the immediate vicinity jointly built and constructed a canal by which water was diverted from Paris creek, and conducted to their lands, and there used for the purpose of irrigating them for agricultural purposes. That said parties who constructed said canal organized a corporation, designated in their articles of incorporation as the Upper South Field Irrigation Company, and issued shares of capital stock to the said joint owners, in proportion to the quantity of interest each owned in said canal and the waters therein conveyed. That in the year 1895 one John A. Bagley commenced an action in the probate court of Bear Lake county against said execution defendants, and attached the shares of stock held by said defendants in said corporation, afterward obtained judgment, upon which execution issued, under which execution said shares of stock were sold, and purchased by said Bagley, who received from the sheriff a bill of sale for said stock, after which he sold and assigned said bill of sale to the defendant Robert Price, who obtained from said corporation a certificate for said shares, and who has since held and claimed the same.

The contention of plaintiffs, and the theory upon which this suit was brought, is that said shares of stock were appurtenant to said lands, and passed with said lands under execution sale. Aside from general well-established rules of law which forbid the sanction of said contention, it is directly opposed to the statutory law of this state. Under the provisions of section 4306 of the Revised Statutes, "shares which the defendant may have in the stock of any corporation or company" may be attached. Subsection 4, section 4307 of the Revised Statutes, is as follows: "Stock or shares or interest in stock or shares, of any corporation or company must be attached by leaving with the president, or other head of the same, or the secretary, cashier, or other managing agent thereof, a copy of the writ, and a notice

stating that the stock or interest of the defendant is attached in pursuance of such writ." By section 4477 of the Revised Statutes, "shares and interest in any corporation or company . . . . may be attached on execution in like manner as upon writs of attachment." Under the provisions of these statutes, the procedure is prescribed by which shares of stock and interests in corporations may be seized and subjected to the satisfaction of the debts of the execution defendant. The subjection of shares of stock in a corporation to the payment of a debt must, when done by legal process, be done in the manner prescribed by the statutes. The complaint in the case at bar shows that the statutory procedure was not followed. Shares of stock in an irrigation corporation are not appurtenant to the land owned by the owner of such shares, even though such land be irrigated by water from a canal owned by such corporation. The court properly sustained the demurrer. The judgment of the district court is affirmed, with costs to the respondents.

Huston, C. J., and Sullivan, J., concur.