(December 16, 1903.)

# FINNEY v. MOORE.

[74 Pac. 866.]

USURY—JUDGMENT—INTEREST—ATTACHMENT.

1. A judgment entered on a usurious contract, under the provisions of section 1266, Revised Statutes, legally draws interest at the rate of seven per cent per annum from the date of the rendition of such judgment.

2. The fact that the plaintiff fails to recover judgment for the full amount stated by him to be due in his affidavit for an attachment is not such a false statement in the affidavit as to authorize the discharge of the attachment under the rule laid down in *Murphy v. Montandon*, 3 Idaho, 325, 35 Am. St. Rep. 279, 29 Pac. 851, or at all.

3. The undertaking in attachment in this case (a copy of which is set forth in the opinion), *held*, sufficient under an act entitled "An act to provide a form of undertakings in civil and criminal actions," approved February 14, 1895, Session Laws of 1895, page 18.

(Syllabus by the court.)

APPEAL from District Court of Idaho County. Honorable Edgar C. Steele, Judge.

Action on promissory note. Judgment for plaintiff. Affirmed.

Fogg & Nugent, for Appellant.

While the statute has not mapped out a definite mode of procedure in judgments of forfeiture upon usurious contracts, courts must necessarily base such judgments upon the pleadings or the evidence in the case, and such judgment and the judgment in favor of the plaintiff and against the defendant should not be inconsistent with each other. In this case no point is made as to the insufficiency of the judgment of forfeiture. The judgment of forfeiture by the court specifically finds that the note sued on in this instance was a usurious contract, and decree is entered in accordance with said findings. The verdict of the jury finds for the plaintiff in the sum of $697.19, and says nothing about interest. The judgment entered in favor of plaintiff and against defendant thereon is as follows: "It is ordered and adjudged that said plaintiff have and recover of and from the defendant the sum of $697.19, with interest thereon at the rate of seven per cent per annum from this date until paid." When it is ascertained that the suit is upon a usurious contract the two judgments determine the issue in the case. Section 1266, Revised Statutes, provides: "The plaintiff must have judgment for the principal sum, less all payments of principal or interest theretofore made and without interest or cost." Section 1264, Revised Statutes, as amended by Laws of 1899, page 316, provides: "Parties may agree in writing for the payment of any rate of interest on money due or to become due on any contract not to exceed the sum of twelve per cent per annum; any judgment rendered on such contract shall bear interest at the rate of seven per cent per annum until satisfied." The note in controversy is not such contract and plaintiff is not entitled to interest under this section. These statutes expressly provide that the right to have interest upon judgments, on contracts which

by the terms thereof provide for interest, only applies to those
contracts which are not usurious in the first instance. It is
not the policy of the law that a party may contract for an
illegal rate of interest, and that upon a refusal of the debtor
to pay the same he may reduce his claim to judgment and thus
through the powers of a court purge his agreement of the usury
and collect a legal rate of interest. "What the statute requires
to be stated in the affidavit must be stated, and truly stated
in the affidavit, and if not stated in the affidavit, the attach-
ment should be dissolved, even though the requisite facts
omitted in the affidavit are alleged in the complaint." (*Fisk v.
French,* 114 Cal. 403, 46 Pac. 161.) A false statement that a
claim is unsecured will furnish a ground for vacating the at-
tachment. (*Murphy v. Montandon,* 3 Idaho, 325, 35 Am. St.
Rep. 279, 29 Pac. 851; *Fisk v. French,* 114 Cal. 400, 46 Pac.
161; *Vollmer v. Spencer,* 5 Idaho, 557, 51 Pac. 609; *Willman
v. Friedman,* 3 Idaho, 734, 35 Pac. 37.)

Clay McNamee and George W. Goode, for Respondents.

Was the writ of attachment issued improperly or irregularly?
(*Mason v. Lieuallen,* 4 Idaho, 415, 39 Pac. 1117; 3 Am. & Eng.
Ency. of Pl. & Pr., p. 15 et seq.)

SULLIVAN, C. J.—This is an action on a promissory note
alleged to have been executed by the appellant on the twentieth
day of November, 1902, due on January 15, 1903, for $697.19,
"with interest at the rate of eighteen cents per annum."

The answer puts in issue the allegations of the complaint and
avers that said note is usurious, in that it provides for a greater
rate of interest than twelve per cent per annum.

The cause was tried by the court with a jury. The issue as
to whether said note was usurious was taken from the jury and
decided by the court. The court held that the note was usuri-
ous and the jury returned a verdict in favor of the plaintiff
for the face of said note, to wit, $697.19.

At the time said suit was brought a writ of attachment was
issued and levied upon the property of the defendant. The de-

fendant moved to discharge and dissolve the attachment on the ground that it was improperly and irregularly issued, which motion was overruled by the court.

Judgment was entered in favor of the plaintiff for the face value of said note, to wit, $697.19, with interest at the rate of seven per cent per annum from the date of said judgment and against the plaintiff for the penalty provided by section 1266, Revised Statutes, on usurious contracts.

This appeal is from the judgment entered against the appellant and from the order refusing to discharge the attachment.

The first contention of counsel for appellant is that the court erred in allowing seven per cent interest on the judgment, and cites section 1264, Revised Statutes, as amended by act of 1899, which provides, among other things, that parties may agree in writing for the payment of any rate of interest on money due or to become due on any contract not to exceed twelve per cent per annum, and that any judgment rendered on such contract shall bear interest at the rate of seven per cent per annum until satisfied. It is contended that the promissory note in controversy is not such a contract, and for that reason plaintiff is not entitled to interest on his judgment. The provisions of said section 1264 being *quasi* penal and providing for a forfeiture will not be construed to include matters not expressly enumerated therein.

When a judgment is rendered as provided by section 1266, the transaction between the parties is shorn of its illegal features and the full penalty prescribed has been meted out. The express contract in writing for the payment of eighteen per cent per annum has been held illegal and void, and the amount found to be due the plaintiff would come under that provision of section 1263, which provides that where there is no express contract in writing fixing a different rate of interest, interest shall be allowed at the rate of seven per cent per annum on money due on the judgment of any competent court or tribunal.

The court did not err in allowing interest at the rate of seven per cent per annum on said judgment from the date of its rendition.

On the hearing of the motion to discharge the attachment it was contended that the affidavit therefor and the undertaking therein were not sufficient.

It is contended that the affidavit was false in that the contract sued on was usurious, and interest and attorneys' fees demanded when they could not be recovered under said contract, and for that reason the attachment should have been discharged. The plaintiff recovered judgment for the face of the note sued on and because the court found that he was not entitled to interest and attorneys' fees, we do not think that was a sufficient cause to discharge the attachment.

In *Murphy v. Montandon,* 3 Idaho, 325, 35 Am. St. Rep. 279, 39 Pac. 851, it was held that when an affidavit for an attachment is false the court has no jurisdiction to issue the attachment. In that case the court held that the attaching creditor held security for the payment of his debt, and that being true, the statement in the affidavit that "the payment of the debt had not been secured by any lien or pledge on real or personal property was false," and for that reason the plaintiff was not entitled to an attachment. That is a very different case from the one at bar, as in this case the plaintiff claimed a larger sum than was found to be due him under the judgment of the court. The mistake or falsity in regard to the amount due is very different from the falsity of an affidavit that states no security is held for the debt when, in fact, there is such security. If courts would hold that all attachments must be discharged, on application, if the plaintiff fails to recover the exact amount claimed to be due in his affidavit for the writ, that would be going much beyond the decision in *Murphy v. Montandon, supra.*

Counsel for appellant also contend that the undertaking is not sufficient. The undertaking is as follows, omitting the signatures and justification, to wit:

*"In the District Court of the Second Judicial District of the State of Idaho, for the County of Idaho.*

"George Finney,

             Plaintiff,

    v.

A. W. Moore,

             Defendant.

### "UNDERTAKING ON ATTACHMENT.

"Whereas the plff. desires to give an undertaking in the above-entitled cause for an attachment now, therefore, we the undersigned sureties, do hereby obligate ourselves jointly and severally to deft. under said statutory obligations in the sum of Three Hundred Dollars.

"In witness whereof we have hereunto set our hands and seals this 19th day of Jan. 1903."

Under the Wyman act it is provided that whenever a party to an action desires to give an undertaking, it shall be sufficient if the sureties sign an undertaking indicating that they are thereby bound to the obligations of the statutes requiring the undertaking to be given. The second section of said act provides the form of an undertaking, and is as follows:

"Sec. 2. That such undertaking may be in form as follows:

"[Title of Court—Title of Cause.]

"Whereas the ——— desires to give an undertaking for (state what) ——— now therefore, we the undersigned sureties, do hereby obligate ourselves jointly and severally, to ——— (name whom) ——— under said statutory obligations in the sum of —— dollars." (See Sess. Laws 1895, p. 18.)

That act was passed by the legislature for the purpose of providing a short form for such undertakings and with the intention of binding all sureties who signed the same. It will be observed that in the undertaking given in this case where it

states the "plff." desires, etc., and the "deft." is mentioned as the obligee, the names of the parties to the suit are not inserted. While we think it would be much better if that had been done, we think the undertaking is sufficiently definite to indicate the person who desires to give the undertaking and the person to whom it is given, and under it we think the sureties are bound to the defendant in the full amount named in said undertaking.

It is contended that by virtue of said small attachment bond thousands of dollars' worth of property has been attached. No doubt if the officer has levied upon more property than the law would authorize, the court on proper application would release the excess.

The amount found to be due in this case was $679.19, and the attachment undertaking was for only $300.

In *Willman v. Friedman,* 3 Idaho, 734, 35 Pac. 37, the court held that under the attachment laws of this state a large discretion is vested in the clerk in the matter of taking undertakings, and in the exercise of that discretion it was advisable that the clerk should also require an undertaking at least equal to the amount stated in the affidavit. This court holds the same view, and that especially where personal property is attached the clerk should require an undertaking in an amount equal to the sum claimed in the affidavit.

We have carefully examined all of the contentions made by the appellant and do not find sufficient error to warrant a reversal of the case. While the record shows a remarkable and very peculiar state of facts, it is clear that the plaintiff was entitled to a judgment for the full amount given him by the court regardless of any or all of the acts of his attorney.

The judgment is affirmed, with costs of this appeal in favor of the respondent.

Stockslager, J., concurs.

Ailshie, J., took no part in the decision.