[No. 4705.]

COOPER v. SHANNON.

1. **Water Rights—Forfeiture.**

Where land was sold on execution against the owner, and he was entitled to a water right separate from the land, the fact that an irrigation company furnished the purchaser of said land with water during the three succeeding years, and that the former owner of the land did not apply for water for such years, did not operate as a forfeiture of his interest and a reappropriation of the water right by the purchaser of the land.—P. 102.

2. **Same—Irrigation Companies—By-Laws—Forfeiture of Water Rights.**

Where the by-laws of an irrigation company required that application for water be made in writing each year, and further provided that any person entitled to purchase prior water for use on land entitled thereto, who should for two successive years fail to pay for water for such land, should be deemed to have forfeited his right thereto, in the absence of any action by which the owner of the right was duly notified, such by-law could not have the effect of vesting title to such water right in the company, or vesting title thereto in another, although the company delivered the same amount of water to such other consumer.—P. 102.

3. **Same—Abandonment—Appellate Practice—Findings of the Court.**

Abandonment is a matter of intention. It is peculiarly within the province of a trial court to determine from all the facts and circumstances. of each particular case whether the abandonment has or has not taken place, and where there is evidence to support it, a finding by the trial court that there had been no abandonment of the water right will not be disturbed on appeal. —P. 103.

4. **Same—Sale or Transfer—Deed.**

Although a water right may be appurtenant to the land, it is property and may be transferred either with or without the land, and whether a deed conveys the water right depends on the intention of the grantor, which is to be gathered from the express terms of the deed, or, when it is silent as to the water right, from the presumption that arises from the circumstances, and whether such right is or is not incident and necessary to the beneficial enjoyment of the land.—P. 103.

5. **Same—Conveyance—Formalities—Sheriff's Deed.**

The legislature of 1893 requires that all the formalities of. the conveyance of real estate shall be observed in the conveyance of water rights, and where a sheriff's deed does not purport to convey the water right, there must be some intention to so convey found in the circumstances attending the conveyance before such result can be claimed.—P. 103.

6. **Same—Sheriff's Deed.**

Where a sheriff's deed did not purport to convey the water right, and he had the right to levy thereon, but did not do so, neither the sheriff's nor purchaser's intention can control, and, where there is no act of the judgment defendant from which an intention to convey could be inferred, the water right is not conveyed.—P. 104.

7. **Same—Action to Quiet Title—Issues.**

In an action by a purchaser at sheriff's sale to quiet title to a water right alleged to have been appurtenant to the land, the question whether the defendant has more water than is actually needed, or has not enough for the irrigation of his land, is entirely immaterial to the issue raised; nor can the question of whether defendant is entitled to hold a water right, for the reason that he is a mere tenant at will, be raised by plaintiff, since, even if the former cannot own the water right, such fact does not vest the title in the latter.—P. 104.

**8. Same—Forfeiture.**

The mere failure of the owner of the water right to go to the irrigation company each season and pay the stipulated .price for carrying his water, does not entitle any other person to enter into a contract with the company for carrying such water, and to thereby become the owner of the water right.—P. 105.

**9. Same—Duties of Ditch Companies.**

Section 570, Mills' Ann. Stats., requiring ditch companies to furnish water whenever they have water in a ditch unsold, and §2297, providing that persons having purchased and used water shall have the right to continue to purchase such water, do not apply to a proceeding between individuals in which no ditch company is a party, and when the question to be determined is whether a sheriff's deed includes a water right.—P. 106.

*Appeal from the District Court of Jefferson County. Hon. James E. Garrigues, Judge.*

Action by Thomas Kirkwood, administrator, against Isaac C. Palmer. From a judgment of the district court, dismissing an appeal from the county court, and from a judgment for defendant, plaintiff appeals.                                   *Reversed.*

Mr. J. W. Barnes, for appellant.

Mr. John Hipp, for appellee.

Mr. Justice Steele delivered the opinion of the court:

The warranty deed to Shannon, the appellee, for the northwest quarter of section 34, township 2 south, of range 69 west, did not purport to convey water rights, but the ditch company incorporated in 1886, the year after Shannon bought the land, recognized his right to the use of twenty inches of water, as a prior right, because he and his grantors had been using water from another ditch which the company incorporated in 1886 had purchased. The company, when it purchased the old ditch, agreed to recognize certain priorities, and Shannon's priority was one

that it agreed to recognize, and the records of the company so show. On June 14th, 1894, the sheriff of Jefferson county sold at execution sale all the right, title and interest of Shannon in and to the said northwest quarter, and on December 10th, 1895, the said sheriff issued his deed to Eugene F. Conant therefor. The appellant, Cooper, holds the land through mesne conveyances from the purchaser at sheriff's sale. In 1902, McCain, from whom Shannon purchased the said northwest quarter, executed a quit-claim deed to Shannon for the right to purchase the twenty inches of water from said ditch, reciting that he had sold the same to Shannon when Shannon bought the land. Shannon has been occupying the northeast quarter of the same section for several years, and has been engaged in cultivating the land, which he holds as lessee. It is contiguous to the land he bought from Mr. McCain, and can be supplied with water for irrigation from the ditch that supplies water to the northwest quarter. The action was brought by Cooper to quiet his title to the right to purchase twenty inches of water from the ditch. The court found that Cooper was not entitled to the twenty inches, and that Shannon had the right to purchase, and was entitled to the use of, the twenty inches on the northeast quarter of said section. Cooper brings the case here by appeal.

It is claimed by the appellant:

1. The right of appellant to said twenty inches of water intervened as against appellee by reappropriation; and the right of appellee thereto was forfeited.

2. Appellee abandoned said water right, and appellant acquired the same by reappropriation.

3. The said water right is, and at all times has been, appurtenant to said northwest quarter of section 34, and was conveyed as such by the sheriff's

deed to Eugene F. Conant, and by him to the appellant herein.

4. Appellee has no use for the said twenty inches of water and therefore cannot lawfully hold the right to its use as against appellant.

5. Appellee owns or holds no such interest in the northwest quarter of said section 34 as would entitle him to own and hold the right to said twenty inches of water.

The appellee did not quit the northwest quarter until sometime during the year 1898, and did not apply for water during the years 1898, 1899 and 1900. The owners of the northwest quarter did apply for water for these years, and water was furnished them, and water was used during these years on the said northwest quarter.

We are of opinion that the fact that the ditch company furnished water during the years 1898, 1899 and 1900 to the owners of the northwest quarter, and the fact that Shannon, who had lost his land in the year 1898, did not apply for the water for these years, did not operate as a forfeiture of Shannon's interest and as a reappropriation of the twenty inches by the purchasers of the land at sheriff's sale. Although the by-laws of the company require application for the water to be made in writing each year, and that "any person entitled to purchase prior water for use upon land entitled thereto, who shall for two successive years fail to pay for water for such land, shall be deemed to have forfeited his right thereto," no affirmative action was taken by the company; and in the absence of action by which Shannon was duly notified, the by-law of the company which provides that "any person who shall for two successive years fail to pay for water, * * * shall be deemed to have forfeited his right thereto," cannot have the effect of vesting title to the water right in the

company, or of vesting title thereto in another, if the company delivers the same amount of water to the other consumer. Forfeitures are not favored by the law, and while we do not say that a ditch company may not, by apt words in their contracts or by-laws, provide that a water right shall be forfeited by failure to pay the price for the carriage of water, we do say that the words employed in the by-laws of this company do not so operate.

The court found that Shannon had not abandoned his water right. We shall not disturb that finding. As abandonment is a matter of intention, it is peculiarly within the province of a trial court to determine from all the facts and circumstances of each particular case whether abandonment has or has not taken place.

We have repeatedly held, that: "Although a water right may be appurtenant to the land, it is the subject of property and may be transferred either with or without the land.—*Strickler v. City of Colorado Springs,* 16 Colo. 61. Being therefore a distinct subject of grant, and transferable either with or without the land, whether a deed to land conveys the water right depends upon the intention of the grantor, which is to be gathered from the express terms of the deed; or, when it is silent as to the water right, from the presumption that arises from the circumstances, and whether such right is or is not incident to and necessary to the beneficial enjoyment of the land." —*Arnett v. Linhart,* 21 Colo. 188; *Bessemer I. D. Co. v. Wooley,* 32 Colo. 437.

Moreover, the legislature of 1893 requires that all the formalities of the conveyance of real estate shall be observed in the conveyance of water rights. The right to have water delivered at a stipulated price is a valuable right, and as the sheriff's deed does not purport to convey the water right, there

must be some intention to so convey found in the circumstances attending the conveyance . In passing upon this point the trial court held that there was nothing in the circumstances of the conveyance to show that it was the intention of Shannon to convey the water right. The deed was not a voluntary deed; it was the deed of the sheriff. He had the right to levy upon the water right, but did not do so; and the court's ruling is clearly correct, that the sheriff's intention, or the purchaser's intention, could not control, and that as there was no act of Shannon's from which an intention to convey the water right could be inferred, the water right was not conveyed.

The appellant contends that it appears from the testimony that the appellee is the owner of a water right calling for 35 inches of water, which is more than sufficient to irrigate the land cultivated by him in the northeast quarter of said section, and cites authorities which hold that "no right can be secured, either by diversion or appropriation, to more water than is necessary for the proper irrigation of land to which it is applied." This rule of law is one well recognized by the decisions of this court and of the court of appeals, but it is not a question that appellant can inject into this case. That question cannot be determined in a proceeding of this character, where a purchaser of land claims a water right as being appurtenant to land purchased at sheriff's sale. Whether the appellee has more water than is actually needed for the irrigation of his land, or has not enough with which to successfully cultivate his soil, is entirely immaterial to the issue raised. The question is, did the sheriff by his deed, an involuntary conveyance, convey to appellant's grantor the appellee's water right? In the determination of that question we are not aided by determining either that the

appellee has or has not more water than is necessary for the irrigation of his land.

The 5th and final proposition presented by the appellant is that the appellee is not the owner of land under the ditch; that he is a mere tenant at will of the northeast quarter of said section, and that his interest therein is not sufficient to entitle him to hold his water right as against appellant under the circumstances of the case. The appellee testified that he was occupying the northeast quarter and had been an occupant of it for eighteen years or more; that he is a lessee and that he cultivated it for several years. No reason is assigned in the brief of counsel why one who is the lessee of land may not own a water right, and we know of no reason why the lessee of land may not buy and hold a water right, or why a mere occupant of land may not become the owner of a water right, and use it himself or sell it to someone who will use it. Moreover, this question, we think, cannot be raised by the appellant; for, even if the appellee cannot own a water right for the reasons stated, such fact does not vest the title to the water right in the appellant.

We do not regard the rulings of the court upon the trial as constituting reversible error. There was sufficient competent and unobjectionable testimony to sustain the judgment.

Counsel says: "The question of forfeiture and the intervention of the right of appellant, which we consider of the greatest importance in the case, the court passes over very lightly."

The court says, in its opinion: "If Shannon forfeited the right to pay the company $1.35 an inch to have it carried to him, the company would not on that account alone have the right to carry and deliver it to you, unless the water belonged to Mr. Cooper. I cannot see how, simply by Shannon's failure to go

to the company each season and pay $1.35 an inch to carry his water, anybody else could bob up and say 'I will enter into a contract with you to carry Shannon's water for me and thereafter I'll own the water.' "

This, instead of being absolutely wrong, as counsel insists, is, we think, absolutely right. Counsel seems to think that much harm will come, from an affirmance of the judgment, to the ditch companies. He says, "If the judgment is affirmed, then indeed, ditch companies are between the upper and nether millstones of sections 570 and 2297 of Mills' Annotated Statutes." Section 570 requires ditch companies to furnish water whenever they have water in the ditch unsold, while section 2297 provides that persons having purchased and used water shall have the right to continue to purchase such water. But the ditch company is not before us. We are to determine whether a sheriff's deed for land includes a water right; and we hold that it does not. The ditch company did nothing to forfeit appellee's water right, and we must hold that he still has the right to buy water for a beneficial use, and that the fact that he did not pay for nor apply for the water during the three years mentioned, did not work a forfeiture of his right.

The judgment is affirmed.

The CHIEF JUSTICE and Mr. JUSTICE CAMPBELL concur.