W. D. MOLONY, Respondent, v. EDWIN H. DAVIS, MAR-
SELLA T. DAVIS, ESTHER LEHTI, ANTON LEHTI,
A. R. CRUZEN and LOUISE CRUZEN, Appellants.

[233 Pac. 1000.]

FORECLOSURE OF MORTGAGE — AFTER-ACQUIRED WATER RIGHT — WHEN
RIGHT PASSED AT SALE.

1. Where the owner of mortgaged premises, subsequent to the
execution of the mortgage, acquires the right to the use of water
for the same, and constructs the necessary ditches to convey the
water to such land and thereafter applies the water to a beneficial
use upon such premises, this water right becomes an appurtenance

to the premises that, in the absence of a reservation, will inure to the benefit of the mortgagee.

2. In a proceeding to foreclose such mortgage, where the complaint, in addition to giving a legal description of the premises, adds "including all water rights, irrigation ditches and canals thereto belonging or usually had or enjoyed in connection with said premises or any part thereof," and the mortgagor or his successor in interest is served with process in the foreclosure action and defaults, a decree and order of sale following such description of the mortgaged property will include the original mortgaged premises and the after-acquired water right and ditches as an appurtenance to the land.

3. Where the successor in interest of the mortgagor, after being served with process, fails to appear in the foreclosure proceedings and contest the right of the mortgagee to sell an after-acquired water right that has become appurtenant to such land after the execution of the mortgage, he cannot thereafter, in an action to quiet title to the water right and ditch constructed to deliver the same upon the mortgaged premises, assert title to such after-acquired water right and ditches as against the purchaser at the foreclosure sale, or his successor in interest, where the complaint included all water rights and ditches thereunto belonging or usually had or enjoyed in connection with the premises.

APPEAL from the District Court of the Seventh Judicial District, for Valley County. Hon. Ed. L. Bryan, Judge.

Action to quiet title. Judgment for plaintiff. *Affirmed.*

F. M. Kerby and Frawley & Koelsch, for Appellants.

A water right, though used as an appurtenant to land, may be used on other land or sold. (*Hard v. Boise City Irr. & Land Co.,* 9 Ida. 589, 76 Pac. 331, 65 L. R. A. 407; *Village of Hailey v. Riley,* 14 Ida. 481, 95 Pac. 686, 17 L. R. A., N. S., 86.)

After-acquired title inures to the benefit of the mortgagee, but after-acquired property does not become subject to the mortgage unless it clearly appears from the language used that such was the intention of the parties. (C. S., sec. 6316; 20 Am. & Eng. Ency. of Law, 916, 917.)

An easement necessary to the enjoyment of the land and acquired after the execution of the mortgage inures to the benefit of the mortgagee; but this rule does not extend beyond the original parties to the mortgage. (*Swedish American Nat. Bank v. Conn. Mutual Life Ins. Co.*, 83 Minn. 377, 86 N. W. 420.)

A water or a ditch right not in existence at the time of the execution of a conveyance and not specifically mentioned in such conveyance does not pass as an appurtenance. (*Crippen v. Comstock*, 17 Colo. App. 89, 66 Pac. 1074.)

A water right the water for which is used upon land is an appurtenance to such land and passes with a conveyance using the words "together with the appurtenances." But this statute and this rule do not extend beyond the grantor and grantee of such conveyance. (C. S., sec. 5375; *Russell v. Irish*, 20 Ida. 194, 118 Pac. 501; *Paddock v. Clark*, 22 Ida. 498, 126 Pac. 1053.)

Richards & Haga and Chas. H. Darling, for Respondent.

A water right is appurtenant to the land upon which it has been used and a conveyance, whether voluntary or by judicial sale, of such land without a specific reservation of the water will carry the same with the land. (*Russell v. Irish*, 20 Ida. 194, 118 Pac. 501; *Paddock v. Clark*, 22 Ida. 498, 126 Pac. 1053; *Hall v. Blackman*, 8 Ida. 272, 68 Pac. 19.)

A transfer of real estate, whether by voluntary conveyance or sheriff's deed on judicial sale, carries with it all easements attached thereto. (C. S., sec. 5375; 35 C. J. 71.)

Water rights, ditches and easements, just as improvements and fixtures, attached to the mortgaged premises after the execution of the mortgage, whether by the mortgagor or any purchaser under him, inure to the mortgagee. (2 Jones, Mortgages, sec. 681; 19 R. C. L., sec. 164; Kinney, Water Rights, sec. 1020; 1 Wiel, Water Rights, p. 594; 1 Jones, Mortgages, sec. 147; *Swedish Am. Nat. Bank v. Conn. Mutual Life Ins. Co.*, 83 Minn. 377, 86 N. W. 420; *Muckle v. Hill*, 32 Ida. 661, 187 Pac. 943; *Stanislaus Water Co. v. Bachman*, 152 Cal. 716, 93 Pac. 858, 15 L. R. A., N. S., 359.)

Where a decree of foreclosure has been entered, the defendants duly served and no appeal taken, it becomes final and cannot be attacked collaterally even though the court may have erred in misdescribing the property in such decree, ordering the property sold without redemption contrary to statute, directing a judicial sale similar to ordinary execution without foreclosure contrary to law, or erroneously included appurtenances and easements such as water and ditch rights. (*Andrews v. National Foundry & Pipe Works,* 76 Fed. 166, 22 C. C. A. 110, 36 L. R. A. 139; *Mach v. Blanchard,* 15 S. D. 432, 90 N. W. 1042, 58 L. R. A. 811; *Provident Loan & Trust Co. v. Marks,* 59 Kan. 230, 68 Am. St. 349, 52 Pac. 449; *Barton v. Anderson,* 104 Ind. 578, 4 N. E. 420; *McMillan v. Teachey,* 167 N. C. 88, 83 S. E. 175.)

A decree in foreclosure binds all parties to the action, except as to a want of jurisdiction, and the rule is equally as applicable whether the decree results from an issue framed or upon default, and a judicial sale under such decree confers on the purchaser a vested right to the property sold, a right of which he cannot be deprived collaterally or otherwise except for defects of jurisdiction. (*McMillan v. Teachey,* supra; *Goebel v. Iffla,* 48 Hun (N. Y.), 21; *Allison v. Allison,* 88 Va. 328, 13 S. E. 549; *Jordan v. Van Epps,* 85 N. Y. 427; *Hilton v. Stewart,* 15 Ida. 150, 128 Am. St. 48, 96 Pac. 579; Van Fleet, Collateral Attack, p. 133; *Northwest Townsite Co. v. Conn,* 74 Or. 484, 145 Pac. 1058.)

WILLIAM A. LEE, C. J.—Respondent commenced this action to quiet title to certain lands with water rights and ditches alleged to be appurtenant thereto. From a judgment for respondent quieting his title to said premises as prayed for in the complaint this appeal is taken.

It appears that Davis and wife owned 160 acres of land in Valley county, and in 1918 mortgaged the same to J. L. Eberle to secure the payment of certain money. The mortgage contained the usual appurtenance clause, "together with all . . . . appurtenances thereto belonging or in anywise ap-

pertaining.'' At the time of the execution of the mortgage this land was not being irrigated and had no water right appurtenant thereto.

Davis conveyed to A. R. Cruzen who conveyed to appellants Lehti, subject to the Eberle mortgage. Neither Davis and wife nor Cruzen and wife, named as defendants below, are parties to this appeal, and we are concerned only with the claim of appellant Lehti. After appellants acquired title, in June, 1919, they applied through the commissioner of reclamation for a permit to appropriate water for this land, and upon the completion of the amount of work required by law to be done, in July, 1921, received a certificate of completion of works, and water was thereafter applied to the land.

Upon failure to pay an instalment of interest due on the mortgage indebtedness the mortgagee foreclosed. The complaint described the mortgaged property by its legal subdivisions and as ''including all water rights, irrigation ditches and canals thereto belonging or usually had or enjoyed in connection with said premises or any part thereof.'' Davis and Cruzen, appellants' predecessors in interest, appeared in the foreclosure action but raised no issue presented by this appeal. Appellants were personally served with process in the foreclosure action but defaulted. The cause was tried and a decree entered ordering sale of the mortgaged property, including the water and ditch rights, as described in the complaint. Pursuant to the decree and order of sale the premises were sold and purchased by plaintiff in the foreclosure action who conveyed his interest to W. D. Molony, plaintiff and respondent in this action, who brings the same to quiet title to the land with the water and ditch rights. Cruzen and wife, who were made parties defendant in this action, defaulted, and Davis and wife, also made defendants, filed a written disclaimer. Appellants Lehti answered, denying respondent's ownership of the property, and by cross-complaint alleged that they were the owners of the land, the water and ditch rights, and that such water and ditch rights

were not appurtenant to this land. Evidence was offered by both parties and a decree was entered quieting the ownership of the property in respondent upon the ground that the water and ditch right were appurtenant to the land and passed under the sale in the foreclosure proceedings to the purchaser, grantor of respondent herein.

Appellants contend that, because there was no water or ditch right appurtenant to the land or any water used upon it when the mortgage was executed by Davis to Eberle, the subsequent acquisition of such a right by them later and the construction of a ditch in which this water was conveyed to the premises would not make either the water right or the ditch through which the water was conveyed to the land an appurtenance that would or did pass by the sheriff's deed in the foreclosure proceedings; that a water or ditch right not *in esse* at the time of the execution of a conveyance and hence not mentioned therein, but which was subsequently acquired, and created, does not become appurtenant to the land and pass with the title acquired under foreclosure proceedings.

Appellants make numerous assignments of error, but all may be summarized and are comprehended within the general contention that the water right and ditch constructed to deliver this water upon the premises, after the giving of the mortgage, did not become an appurtenance to the land in question that passed by the foreclosure proceedings. The weakness of appellants' position is that they were made parties defendant in the foreclosure proceeding and personally served with process, but failed to appear and set up their claim, and the trial court in that action found that the water and ditch rights in question were appurtenances that belonged to the real estate. It would therefore appear that appellants' rights to have this question adjudicated were foreclosed in that proceeding, unless that court was without jurisdiction of the subject matter. This could only be true in the event that under no circumstances or conditions could this water or ditch right be appurtenant to the land. Ordi-

narily water and the ditches through which the same is conveyed to lands become appurtenant to the land when used upon or in connection with such land. While such rights may be conveyed separate and apart from the land, this may only be done where such was the intention of the parties to the conveyance. (Wiel on Water Rights, vol. 1, p. 589, sec. 552; *Arnett v. Linhart*, 21 Colo. 188, 40 Pac. 355; *Cooper v. Shannon*, 36 Colo. 98, 18 Am. St. 95, 85 Pac. 177.)

The right to the use of the water in question was acquired and the ditch through which such water was being conveyed to the land was constructed for the purpose of delivering this water upon these premises. If appellants acquired a right to the use of water, such right became appurtenant to the freehold, and under C. S., sec. 6361, inured to the benefit of the mortgagee and all who might then have or subsequently acquire an interest in the premises. If such was not the intention of appellants when this after-acquired right to the water and ditch was obtained it became their duty in the foreclosure proceedings to set up such claim, and upon their failure to do so the rights of the parties in that proceeding became *res judicata* and no longer open to a collateral attack, as is attempted in the instant case. The decree in the foreclosure proceedings, after giving a legal description of the lands and premises to be sold, recites the following: "together with all and singular the tenements, hereditaments or appurtenances thereunto belonging or in anywise appertaining, including all water rights, irrigation ditches and canals thereto belonging or usually had or enjoyed in connection with said premises or any part thereof." Therefore it is apparent that the question which appellants are seeking to raise by this action was directly involved in the foreclosure proceedings, to which they were parties, and no sufficient reason is suggested as to why the court in that action did not have jurisdiction to hear and determine the question, but on the contrary it appears from the record before us that this was the principal question involved, and having been thus determined it is not open to consideration in this action.

40 Idaho—29

Hence the judgment of the court below should be affirmed, and it is so ordered. Costs to respondent.

Budge, Givens and Taylor, JJ., concur.

Wm. E. Lee, J., concurs in the conclusion reached.