(No. 5973. April 27, 1933.)

MARY A. GORDON, Appellant, v. G. W. KERR, Respondent.

[21 Pac. (2d) 930.]

P. A. Anderson, for Appellant.

O. R. Baum and Roy L. Black, for Respondent.

BUDGE, C. J.—This appeal is from an order granting a motion to discharge an attachment. From the record it appears that on August 17, 1932, complaint in an action on a promissory note seeking to recover an indebtedness in excess of $1,100 was filed. Summons was issued, affidavit and undertaking on attachment were filed, and writ of attach-

ment was issued. Certain property was attached by virtue of such writ. The undertaking on attachment was in the sum of $300, given by individual bondsmen and recited that it was given under the statutory obligations of C. S., sec. 7089 (now I. C. A., sec. 10–602). Respondent was served with summons September 16th. On October 1st a motion and supplemental motion to discharge the attachment, accompanied by supporting affidavit of respondent, were filed, based upon the grounds, among others, that no statutory attachment bond was given; that such purported bond was insufficient in amount; and that the bondsmen were not qualified as such and have not justified as demanded. On the same day, October 1st, demand upon appellant to produce the bondsmen and require them to justify was filed, together with a notice calling up for hearing on October 4th the motion to discharge the attachment and justification of sureties. On October 3d counter-affidavit of attorney for respondent was filed. On October 4th a hearing was had on the motion to discharge the attachment. From an affidavit of counsel for appellant filed in connection with the motion hereinafter referred to, it appears that the sureties did not justify at the time fixed for the reason as stated therein, that the demand for justification was not made within five days of service of process on respondent. From such affidavit it also appears that at the hearing appellant tendered into court an attachment bond in the sum of $1,000 with Fidelity & Deposit Company of Maryland as surety. On October 25th the court made its order granting the motion to discharge the attachment, and in such order released the attached property and denied appellant permission to amend the attachment bond. On October 27th appellant made a motion for a *nunc pro tunc* order requiring the clerk of the court to file the bond tendered into court on October 4th, as of that date, and on November 16, 1932, the court made its order requiring the clerk to indorse upon said bond: "tendered for filing by the plaintiff, October 4, 1932." On November 12th, prior to the making of the above order, appellant perfected her appeal from the order discharging the attachment.

 The trial court discharged the attachment apparently for the reason that the amount of the original bond was insufficient and also that the same was void and therefore not subject to amendment. Plaintiff sought to recover in excess of $1,100 and the amount of the original bond was $300. I. C. A., sec. 6–503, relating to district court attachments, provides:

"Before issuing the writ the clerk must require a written undertaking on the part of the plaintiff, in a sum not less than $200.00 and not exceeding the amount claimed by the plaintiff. . . . . "

This court has held that the clerk has a large discretion in fixing the amount of the undertaking, and advises that the amount so fixed should not be less than the amount of the claim sued for. (*Willman v. Friedman*, 3 Ida. 734, 35 Pac. 37; *Finney v. Moore*, 9 Ida. 284, 74 Pac. 866.) However, in *Ross v. Gold Ridge Min. Co.*, 14 Ida. 687, 697, 95 Pac. 821, 825, it is said:

"In other words, as long as the undertaking provides the conditions required by the statute, (now I. C. A., sec. 6–503) the mere fact that it does not provide a penalty equal to the claim sued for is not a ground for discharging the attachment. Had the legislature intended that to authorize an attachment a bond should be given for a specific sum, it would have so provided."

It follows that the insufficiency in the amount of the bond is not a ground for discharging the attachment.

 The second point presented is whether the bond is void for the reason that it recites that it was given under the statutory obligations of C. S., sec. 7089 (now I. C. A., sec. 10–602), relating to undertakings on attachment in justices' courts, instead of I. C. A., sec. 6–503, relating to attachments in the district court. If the undertaking is void for such reason, it was therefore not subject to amendment and the writ fails, but if such defect merely rendered it voidable, it was subject to amendment and the writ should be upheld. It appears from the undertaking that it was properly entitled in the district court and filed therein and it is recited in the writ of attachment that the necessary affidavit and

undertaking had been filed. There is only one section of our statutes under which this undertaking could be given, namely, I. C. A., sec. 6–503, and the undertaking in question substantially complies therewith. (*Cupples v. Stanfield,* 35 Ida. 466, 207 Pac. 326.) We think it clear from the bond and the proceedings had thereunder that the same was not void but merely irregular and subject to amendment.

We are thus brought to the question as to whether or not respondent waived all objections to the sufficiency of the sureties on the original bond by failing to except thereto within the time prescribed by statute. I. C. A., sec. 6–503, provides, *inter alia,* that:

"At any time after the issuing of the attachment, but not later than five days after actual notice of the levy thereof, the defendant may except to the sufficiency of the sureties. If he fails to do so, he is deemed to have waived all objections to them."

The writ of attachment was issued August 17, 1932. In the sheriff's return to the writ it is stated that he attached certain personal property on September 16th by virtue of the writ; that on September 17th he received from respondent's attorney a demand to release said property; and that on September 17th he released and surrendered said property to respondent. It is apparent therefrom that respondent had actual notice on September 17th of the levy of the attachment, but notwithstanding, demand for justification of the sureties on the undertaking was not made until September 28, 1932, more than five days after his actual notice of the levy, and he is therefore deemed to have waived all objections to the sufficiency of the sureties. It therefore becomes unnecessary for us to discuss the particular objections urged as to the sureties.

The purpose of I. C. A., sec. 6–503, is to give security to the attachment debtor upon which recovery may be had in the event damages are sustained by reason of the attachment. The original bond being irregular and subject to amendment, but not void, it became the duty of the trial court to permit the filing of the surety bond as of the date it was tendered.

From what has been said it follows that the trial court erred in making and entering the order appealed from. The order discharging the attachment is reversed and the cause remanded, with instructions to the trial court to permit the surety bond to be filed as of the date tendered. Costs awarded to appellant.

Givens, Morgan, Holden and Wernette, JJ., concur.