(No. 5979. November 2, 1933.)

JAMES R. BOTHWELL, Appellant, v. JOS. KEEFER, J. A. KEEFER and DONALD MACKAY, Trustees of the FILER LIVESTOCK COMPANY, INC., a Corporation, Defendants, and FEDERAL RESERVE BANK OF SAN FRANCISCO, CALIFORNIA, a Corporation, Respondent.

[27 Pac. (2d) 65.]

Ray Agee and Vaughn A. Price, for Appellant.

A. C. Agnew and Merrill & Merrill, for Respondent.

GIVENS, J.—November 30, 1931, three writs of attachment were issued in behalf of intervenor, each against, "all the property of said defendant Filer Livestock Company,

Inc., a corporation, or so much thereof as may be sufficient to satisfy said plaintiff's demands."

Thereafter the sheriff of Twin Falls county levied and made return on said writs of attachment as follows:

"To the County Recorder of Twin Falls County, Idaho:

"PLEASE TAKE NOTICE that by virtue of the annexed writ of attachment, I hereby attach all right, title and interest of every kind and character of FILER LIVESTOCK CO., Inc., a corporation:",

describing only certain real property, making no mention of any water rights whatever.

"I, E. F. Prater, sheriff of the County of Twin Falls, State of Idaho, hereby certify that I received the within and hereunto annexed Writ of Attachment on the 30th day of November, 1931, and executed the same within said County and State, on the 30th day of November, 1931, by delivering to and leaving with Harry C. Parsons, County Recorder of Twin Falls County, State of Idaho, a copy of said Writ of Attachment, together with a notice in writing that all the right, title, interest and claim of FILER LIVESTOCK COMPANY, Inc., a corporation, the within named defendant, of, in and to the following described real estate, was attached and levied upon by virtue of said Writ of Attachment, to-wit:"

Likewise describing only real estate, mentioning no water rights. A Carey Act water right was appurtenant to said real estate being used thereon at the time by the debtor.

Thereafter appellant attached in the present proceeding such water rights, the intervenor coming in on the claim that its attachment of the real property above indicated covered the water rights and was therefore prior, which appellant resisted.

Appellant attacks respondent's original attachment bond on the ground that it referred only to section 6781 of C. S. for 1919 (now sec. 6–503, I. C. A.), and was thereby insufficient because no mention was made of the liability added by chapter 206, 1921 Session Laws, page 416. After

the amendment section 6781 still remained such section in C. S., with, however, the amendment read into, and part thereof, the same as though thus originally stated. (59 C. J. 1096, sec. 647, note 26.) The amendment to the statute was in force at the time the bond was given, which distinguishes it from *Anthony v. Van*, 96 Cal. 523, 274 Pac. 563, 564.

▋ Only one statute with regard to liability under an attachment bond was at all times in force, namely, section 6781, though amended. (*Gordon v. Kerr, ante,* p. 106, 21 Pac. (2d) 930.)

The real question is whether or not an attachment of real property which has appurtenant thereto a Carey Act water right, without mention of such water right, creates a lien upon such water right.

*Wells v. Price,* 6 Ida. 490, 56 Pac. 266, held, that to be effective an attachment upon shares of stock in an irrigation company levied October, 1891, must have been levied in accordance with sections 4307 and 4477, R. S., now sections 6-506 and 8-201, I. C. A., saying:

. "Shares of stock in an irrigation corporation are not appurtenant to the land owned by the owner of such shares, even though such land be irrigated by water from a canal owned by such corporation."

In 1895, after the attachment in the above case, the legislature passed the statute now section 41-1725, I. C. A., making Carey Act water rights appurtenant to land. Thereafter the court in *Ireton v. Idaho Irr. Co., Ltd.,* 30 Ida. 310, 164 Pac. 687, held a Carey Act water right to be real property and that the shares are merely incidental to the ownership of the water rights, following the water rights which in turn are real property appurtenant to the land.

▋ Thus, while the shares of stock may be personalty, the water right, which controls, is real property. (*Watson v. Molden,* 10 Ida. 570, 79 Pac. 503; *Paddock v. Clark,* 22 Ida. 498, 126 Pac. 1053.) Which is likewise the statute, sec. 54-101, I. C. A.

Appellant, however, relies on the case of *Cooper v. Shannon,* 36 Colo. 98, 85 Pac. 175, 18 Am. St. 95, to support the contention that the attachment without mention of the water right did not operate thereon.

Carey Act water rights can be separated from the land only under the procedure provided in sections 41–2101 to 41–2109, I. C. A.

This court has held, construing the Shannon case, that a water right passes with the realty to which it is appurtenant unless there is .intention to the contrary (*Molony v. Davis,* 40 Ida. 443, 449, 233 Pac. 1000), and easements pass with the realty (section 54–603, I. C. A.), concerning which this court has held the following:

"And the general rule is that where an easement is annexed to land, either by grant or prescription, it passes as an appurtenance with the conveyance 'of the dominant estate, although not specifically mentioned' in the deed, or even without the use of the term 'appurtenances,' 'unless expressly reserved from the operation of the grant.' (19 C. J., pp. 935, 936.)'' (*Johnson v. Gustafson,* 49 Ida. 376, 381, 288 Pac. 427.)

Conceding that an easement is different from a water right, water rights and appliances connected therewith have been considered, so far as the point here is concerned, sufficiently similar to easements, to pass with the land though not mentioned as such or as appurtenances. (*Cave v. Crafts,* 53 Cal. 135; *Cross v. Kitts,* 69 Cal. 217, 221, 10 Pac. 409, 58 Am. Rep. 558; *Eshelman v. Snyder et al.,* 82 Ind. 498, 501; *Frank v. Hicks, etc.,* 4 Wyo. 502, 35 Pac. 1025; *Tucker v. Jones,* 8 Mont. 225, 231, 19 Pac. 571; *Hindman v. Rizor,* 21 Or. 112, 118, 27 Pac. 13; *Simmons v. Winters,* 21 Or. 35, 46, 27 Pac. 7, 28 Am. St. 727; *Farmer v. Ukiah Water Co.,* 56 Cal. 11, 15; *Hard v. Boise City Irr. & L. Co.,* 9 Ida. 589, 76 Pac. 331, 65 L. R. A. 413.)

The Shannon case relied upon by appellants rests for its conclusion that the sheriff's deed there did not cover the

water right, on chapter 107, 1893 Session Laws of Colorado, page 298,[1] which statute we do not have.

Montana, construing *Ireton v. Idaho Irr. Co., Ltd., supra,* has held in effect contrary to the rule in Colorado and in effect that contended for by respondents herein. (*Yellowstone Valley Co. v. Associated Mortg. Investors,* 88 Mont. 73, 290 Pac. 255, 70 A. L. R. 1002.)

In *Andrews v. North Side Canal Co.,* 52 Ida. 117, 126, 12 Pac. (2d) 263, this court was considering whether an assessment of real property was valid without mentioning the water right and concluded thus:

"We are clearly of the opinion that the water right in the instant case is real estate, and under a fair construction of the statutes to which reference has been made, is appurtenant to and an integral part of the land to which said water right has been dedicated; that it passed with the land when conveyed; and that its assessment and taxation were included within the assessment and taxation of the land to which it was appurtenant."

Paraphrasing the above, "and that its (water right) *attachment* was included within the *attachment* of the land to which it was appurtenant."

The correct rule deducible from an analysis of the statutes and decisions treating of the nature of water rights is that unless it affirmatively appears to the contrary, directly or by implication, a water right is attached equally with the land to which it is appurtenant, though the land alone is specified in the writ or return of attachment.

Judgment affirmed; costs to respondent.

Budge, C. J., and Holden and Wernette, JJ., concur.

Petition for rehearing denied.

---

[1] "In the conveyance of water rights hereafter made in this State in all cases except where the ownership of stock in ditch companies or other companies constitutes the ownership of a water right, the same formalities shall be observed and complied with as in the conveyance of real estate."

MORGAN, J., Dissenting.—While it is true respondent caused three writs of attachment to be issued out of the district court for Twin Falls county, but one of them was levied on real estate. The sheriff, in his return on that writ, recites that he executed it "by delivering to and leaving with Harry C. Parsons, County Recorder of Twin Falls County, State of Idaho, a copy of said writ of attachment, together with a notice in writing that all the right, title, interest and claim of Filer Livestock Company, Inc., a corporation, the within named defendant, of, in and to the following described real estate, was attached and levied upon by virtue of said writ of attachment, to wit: The Northwest Quarter; the West-Half of the Northeast Quarter and the Southeast Quarter of the Northeast Quarter of Section Thirteen (13), Township Nine (9) South, Range Fifteen (15) East of the Boise Meridian, in Twin Falls County, State of Idaho." The water right was not mentioned, nor does the return indicate any intention on the part of the sheriff to levy on a water right or any other appurtenance unto the land belonging.

The question in this case is, did the attachment, levied as above described, create a lien on a water right evidenced by a certificate of stock in a corporation, which water right was appurtenant to the land, so that an attachment, subsequently and correctly levied as provided by law, on the stock and water right would be subsequent and inferior to the claim of lien thereon by the first attaching creditor?

A careful examination of the authorities cited in the foregoing opinion will disclose that none of them is decisive of this question. It should be borne in mind that the rule governing voluntary incumbrances and conveyances of property, where the intention of the parties if ascertainable, will be given controlling weight, does not apply to attachments, where the property of an alleged debtor is taken, or encumbered, against his will and without his consent. In such a case the debtor will not be presumed to have intended to part with any of his property, nor to have consented that a lien be placed on it, nor will the creditor be presumed to

have intended to acquire a lien on more of it than he causes the officer to expressly state, in his return, he has levied on.

Of course, parol evidence is admissible to correct an erroneous description occurring, by mutual mistake of the parties thereto, in a voluntary conveyance, or encumbrance, or to make definite and certain that which, through such mistake, is ambiguous in such description, but this rule does not apply to attachments.

In *First Nat. Bank v. Sonnelitner*, 6 Ida. 21, 51 Pac. 993, this court said:

"The notice of levy must describe the land with as much certainty as the sheriff's deed. The description must be such that a purchaser can tell from it the identical land which he buys. Parol evidence is not admissible to help out a defective description in the notice of levy required by the statute."

In the foregoing opinion the court has presumed it was the intention of respondent, not only to attach the land described in the notice of attachment, but also the water right, not referred to nor described. The effect of this presumption is to explain and correct a description which could neither have been explained nor corrected by parol evidence had it been offered.

It must be borne in mind that, as we have frequently held, although appurtenant to land, a water right is not an inseparable appurtenance and may be sold and conveyed separate from it. (*Hard v. Boise City Irr. etc. Co.*, 9 Ida. 589, 76 Pac. 331, 65 L. R. A. 407; *Crockett v. Jones*, 42 Ida. 652, 249 Pac. 483; *Twin Falls Canal Co. v. Shippen*, 46 Ida. 787, 271 Pac. 578; *In re Department of Reclamation*, 50 Ida. 573, cited in 300 Pac. 492 as *In re Johnson; In re Rice*, 50 Ida. 660, 299 Pac. 664.)

Even if presumptions could be indulged to support respondent's claim, it is not to be presumed the attachment was intended to be levied on the water right. I. C. A., sec. 6-504, provides:

"The writ must be directed to the sheriff of any county in which property of such defendant may be, and must

require him to attach and safely keep all the property of such defendant, within his county, not exempt from execution, *or so much thereof as may be sufficient to satisfy the plaintiff's demands, . . . .*"

If presumptions are to be indulged, the one this statute invites is that respondent intended to attach only so much of the debtor's property as was necessary to satisfy its demand, and did not, therefore, include the water right.

In *Cooper v. Shannon*, 36 Colo. 98, 85 Pac. 175, 118 Am. St. 95, the Supreme Court of Colorado had this question under consideration, and the part of its opinion pertinent thereto is correctly digested in the eighth section of the syllabus, as follows:

"Where a sheriff's deed did not purport to convey the water right, although he had the right to levy on the water right, but did not do so, neither the sheriff's nor the purchaser's intention can control, and where there is no act of the judgment defendant from which an intention to convey could be inferred, the water right is not conveyed."

Since an attaching creditor may attach all or any part of the debtor's property necessary to satisfy the debt, and may and should attach less than all, when less is sufficient, the attachment does not include more than the notice thereof describes, nor does it become a lien on a water right, appurtenant to the land, but which may be sold separately from it, unless it is expressly described, or is included in the description of the land by the use of the phrase "together with the appurtenances thereunto belonging" or some expression the equivalent thereof. An attachment cannot be construed to be a lien on property not described in the officer's return.