(September 27, 1912.)

ADIN M. HALL, Appellant, v. WM. A. BLACKMAN, Respondent.

[126 Pac. 1045.]

WATER RIGHTS—POINT OF DIVERSION—CHANGE OF.

(Syllabus by the court.)

1. Where E. & E. appropriated 480 inches of water of a certain creek and diverted the same from the creek in 1872, and applied the same to their lands, and thereafter, in 1876, constructed another ditch lower down the creek for the purpose of diverting a part of their appropriation from said creek, and did so divert after 1876, and thereafter, in 1879, H. made an appropriation of water from said creek and diverted it below E. & E.'s 1876 diversion, and thereafter E. & E. sold their land and water rights to other persons, among them B., and B. thereafter conducted about half of the water awarded to him through said ditch of 1876 and about half through a ditch constructed in 1886, and thereafter, in 1899, an action was brought to determine the priorities and amounts of said and other users of water from said creek, and the priorities and amounts were determined by the decree in said action, B. being given a priority as of 1872 for 238 inches, and H. a priority as of 1879 for 150 inches, and B. continued to divert about one-half of said 238 inches through his 1876 ditch, held, that H. is not entitled to an injunction restraining B. from so diverting his water.

2. As B. and his predecessors in interest had been conducting water through said 1876 ditch three years prior to the appropriation of water made by H. in 1879, to permit B. to continue to divert his water through said 1876 ditch would not be an injury to the subsequent appropriator H.

APPEAL from the District Court of the Fourth Judicial District for Elmore County. Hon. Edward A. Walters, Judge.

Action to enjoin an appropriator of water from diverting it from a particular point in the stream. Injunction denied and judgment in favor of the defendant. *Affirmed*.

E. M. Wolfe, for Appellant.

L. B. Green and Wyman & Wyman, for Respondent.

Counsel cite no authorities on points decided.

SULLIVAN, J.—This action was brought to enjoin the respondent from an alleged change in the point of diversion of certain waters decreed to the respondent by the district court of Elmore county, dated May 15, 1902. That action was brought in 1899 by Hall, the appellant in this case, and one Wilson, against the respondent and a number of others, to determine the amounts and priorities of the various claimants of water from Bennett creek, which case, or some parts of it, has been appealed to this court several times. (See *Hall v. Blackman,* 8 Ida. 272, 68 Pac. 19, 9 Ida. 555, 75 Pac. 608.)

The judgment in this case was entered in favor of the defendant Blackman and this appeal is from that judgment.

The lands owned by the respondent and his neighbor Wilson succeeded to them through the Ethel brothers. The Ethel brothers located said lands and appropriated water therefor in 1872, and the title to said lands was thereafter procured from the government. The Ethels diverted 480 inches of water from said Bennett creek just above their ranch, which was conveyed to the ranch through a ditch known as the "1872 ditch." In 1876 they constructed another ditch known as the "1876 ditch." The Ethel brothers held said lands and water rights in common and increased the acreage under cultivation from year to year until 1885, when they divided up their lands and water right between them. The 1876

ditch covered the lands east of a slough running through said lands, and the 1872 ditch was intended to cover the lands lying west of the slough. After the Ethels had divided their holdings, Dave Ethel, in 1886, in connection with his brother George and one Cy. Doom, constructed another ditch, taking it out of said creek at or close to the head of the 1872 ditch, through which George Ethel and Cy. Doom appropriated 114 inches of water. It was apparently a high-line ditch, or at least was intended to cover more land than did the 1872 ditch. In 1879 the appellant appropriated 150 inches of water, which he took out of said creek at a point below the said land of the respondent.

In the final determination of the action above referred to to determine the amounts and priorities of the several claimants to water from said creek, the appellant Hall was awarded 150 inches of the water of said creek as of April 1, 1879. His coplaintiff, Wilson, was awarded 143 inches of water as of March 1, 1872, and 35 inches as of March 1, 1876. The respondent Blackman was awarded 238 inches as of March 1, 1872, and 114 inches as of March 1, 1886, and various awards were made to other parties to said suit. A final decree was entered in that case, and by that decree the amounts and priorities of all the users of waters of said creek were settled and determined.

In said creek between the head of the 1872 ditch and the head of the 1876 ditch there are some springs from which flow about 60 inches of water, which water the appellant Hall contends belongs to him and should be permitted to flow down said creek past the head of the 1876 ditch and down to the head of appellant's 1879 ditch. The Ethels constructed their first ditch in 1872 and their second ditch lower down on the creek in 1876, and it is the 1876 ditch and water diverted through it that is involved in this case. Hall constructed his ditch in 1879, taking water from said creek below the Ethel 1876 ditch. The Ethels did not make a new appropriation of water in 1876, but simply changed the point of diversion of a part of the water that had already been appropriated by them in 1872, and this change was made

prior to the time that the appellant constructed his ditch in 1879. Thus, when the appellant first came upon Bennett creek, he found the Ethels using both the '72 and the '76 ditches in conveying water to their land, and the records show that they and their successors in interest have continued to use those ditches ever since for the irrigation of said lands. As the change of the point of diversion of a part of the water that had been appropriated by the Ethels was made prior to the appropriation made by appellant, he could not have been injured thereby, for the very reason he had no rights on said creek at the time said change was made. The ditch constructed in 1886 was merely a new conduit for conveying a part of the Ethel water right of '72 and the 114 inches for George Ethel and Cy. Doom. In the original decree it appears that water was not decreed to any of the parties to said suit through any particular ditch, but they were simply awarded so many inches of water from said creek from a date named. The evidence indicates that the appellant Hall, during the trial of the case, attempted to throw some doubt in the record as to whether there was an 1876 ditch made by the Ethels, but we are satisfied from all of the evidence that the 1876 ditch was constructed by the Ethels, and has been used by them and their successors ever since in carrying a part of their 1872 appropriation. The evidence shows that that ditch was used for irrigation purposes at the time appellant made his appropriation in 1879. The respondent testified that he bought a part of the Ethel ranch and water right in 1891, and ever since he has divided his '72 water as nearly equal as possible between the 1886 and the 1872 ditches, and that water through the 1886 ditch irrigates practically all the land west of said slough, and all of the land east of that slough is watered through the 1876 ditch. The evidence shows that the 1876 ditch has been used exclusively for the irrigation of appellant's land under it since it was constructed.

Counsel for appellant intends to make a point against the 1876 ditch by showing that it did not appear upon the map used in the trial of the original case, but engineer Rhoades,

who prepared the map, testified on the trial of this case that his field-notes showed the connection of that ditch with Bennett creek, but that he omitted to place it upon the map. It appears there was another map introduced at said trial on which the 1876 map was marked. At the time the original case was tried the Ethels had already constructed the 1872 and 1876 ditches, and the court there held in effect that the construction of the 1876 ditch and the use of the water through it was not a new appropriation, but a mere change of the point of diversion. They were not awarded any water appropriated in 1876 because of the construction of the 1876 ditch. The appellant could not be injured by the change in the point of diversion in 1876, as he had made no appropriation of water there at that date. His first appropriation of water from said creek was not made until three years after that date, or until 1879.

The judgment of the trial court is affirmed, with costs in favor of the respondent.

Stewart, C. J., and Ailshie, J., concur.