Points Decided.

(June 26, 1926.)

GEORGE CROCKETT, MARY Y. NORTON, FRANK OGG, J. W. SMITH, B. H. HARTLEY, T. M. ATKINS, H. P. LARSEN, LUCY STRICKER, ED DOMROSE, C. E. EDMINSTER, MAGNUS LARSEN, ROBERT BROSE, Jr., CHRISTIAN PETERSON, NEPHI LARSEN, FRANK P. KING, D. P. ALBEE, P. W. GORDON, C. M. OLESEN, and UTAH CONSTRUCTION COMPANY, a Corporation, Respondents, v. HENRY JONES and W. H. TURNER, Appellants.

[249 Pac. 483.]

WATERS AND WATER RIGHTS—APPEAL FROM COMMISSIONER OF RECLAMATION—CHANGE OF POINT OF DIVERSION—REMEDIES OF AGGRIEVED PARTY.

1. Remedy of appeal to district court provided by C. S., sec. 5582, from action of commissioner of reclamation granting permit for change of point of diversion of waters, is not exclusive, but cumulative, he being administrative officer without judicial power, and instead thereof aggrieved party may bring original action in such court for determining question involved in proceeding before commissioner.

2. Appropriator of water may not change point of diversion, under C. S., sec. 5563, to point higher up stream, if water supplied him arose between the two points, and such condition existed at time of subsequent appropriations, and the change will injure the subsequent appropriators.

APPEAL from the District Court of the Eleventh Judicial District, for Twin Falls County. Hon. W. A. Babcock, Judge.

Action for permanent injunction restraining defendants from changing point of diversion of water. Judgment for plaintiffs. *Reversed* and *remanded,* with instructions.

Publisher's Note.

2. Change in point of diversion, see notes in 98 Am. Dec. 545; 20 Am. St. 225; 60 Am. St. 813. See, also, 27 R. C. L. 1279.

Walters & Parry and J. R. Keenan, for Appellants.

Findings of fact not supported by evidence will not support a judgment based thereon. (*Carson v. Thews,* 2 Ida. 176, 9 Pac. 605.)

A subsequent appropriator has a vested right as against his senior to insist upon a continuance of the conditions that existed at the time he made his appropriation. (*Bennett v. Nourse,* 22 Ida. 249, 125 Pac. 1038; *Last Chance Min. Co. v. Bunker Hill & Sullivan M. & C. Co.,* 49 Fed. 430; *Handy Ditch Co. v. Louden Irr. Canal Co.,* 27 Colo. 515, 62 Pac. 847; *Vogel v. Minnesota Canal & Reservoir Co.,* 47 Colo. 534, 107 Pac. 1108; *Groo v. Sights,* 22 Wyo. 19, 134 Pac. 269.)

Use of water by upper junior appropriators is presumed to lessen amount available to lower senior appropriator. (*Moe v. Harger,* 10 Ida. 302, 77 Pac. 645; *Jackson v. Cowan,* 33 Ida. 525, 196 Pac. 216.)

Department of reclamation must determine whether or not other water users from same source will be injured by point of diversion. (C. S., sec. 5582.)

Right of appeal from officer exercising judicial discretion is measured by the statute granting right of appeal. (*Pierson v. State Board,* 14 Ida. 159, 93 Pac. 775.)

Party aggrieved by action of department of reclamation must exercise the right conferred by statute within the time therein limited. (*Speer v. Stephenson,* 16 Ida. 707, 102 Pac. 365.)

Wolfe & Wilkins, for Respondents.

The question here involved is very clearly covered in *Washington State Sugar Co. v. Goodrich,* 27 Ida. 26, 147 Pac. 1073.

No change of the point of diversion can be made to the injury of other appropriators. (*Hard v. Boise Irr. & Land Co.,* 9 Ida. 589–596, 76 Pac. 331; *Bennett v. Nourse,* 22 Ida. 249, 125 Pac. 1038; *Hall v. Blackman,* 22 Ida. 556, 126 Pac. 1047.)

BUDGE, J.—The statement of facts in appellants' brief is not controverted, and is as follows:

This is an action brought by respondents to restrain the appellants from changing the point of diversion and use of 60 inches of water of Rock Creek, a stream arising in the southern part of Twin Falls county and emptying into the Snake River. The cause was tried to the court and judgment rendered in favor of the respondents, and an injunction issued as prayed for by them. From the judgment this appeal is taken.

The amended complaint alleges that the respondents are the owners of certain lands with water rights from Rock Creek, under various court decrees; that these lands are arid in character and require irrigation for profitable cultivation, and have no source of water supply other than from Rock Creek; that the department of reclamation has issued a permit authorizing the transfer by appellants of 60 inches of Rock Creek water from the S. ½ of the NW. ¼ and SW. ¼ of the NE. ¼ of Sec. 20, Tp. 11 S., R. 19 E. B. M., to the W. ½ of the SE. ¼ and SW. ¼ of Sec. 31, Tp. 11 S., R. 19 E. B. M.; and that the appellants threaten to make such transfer. Respondents further allege that their vested rights to the use of the water of Rock Creek will be injured by the transfer in that the *present point of diversion* of said 60 inches is below all the lands of respondents, and is made up of the back flow of the waters after they have been diverted and used by respondents; that the new point of diversion and use is above the present point of diversion and most of the lands of respondents, and that the 60 inches of water will have to be supplied out of the waters theretofore used by some of the respondents.

Appellants' answer denies all of the foregoing allegations of the amended complaint with the exception of the proposed transfer; alleges the issuance on August 19, 1921, by the department of reclamation of the permit for the proposed transfer; that there has been no appeal from such action of the department; that the new diversion point is five miles

above the old one, and will save transmission losses caused by the necessity of conducting the water down five miles of stream channel to the original diversion point and will thus benefit respondents by making more water available to them.

The water rights involved in this action were acquired prior to the construction of the Twin Falls irrigation system canals, and the physical conditions are somewhat complicated by the fact that the high-line canal of that system circles around and through the lands of the respondents, crosses Rock Creek channel, is of earth construction for the most part, and has supplied considerable ground water not existing before its construction which has augmented the flow of water some distance below the point where the canal crosses Rock Creek.

[1] Appellants make nine assignments of error. If we are correct in the conclusion reached, but two of the assignments need be considered. We shall first dispose of assignment of error No. 9, predicated upon the action of the court in refusing to hold as a matter of law that the respondents, not having appealed from the action of the department of reclamation in issuing a permit for the change of point of diversion within the time allowed by C. S., sec. 5582, were precluded from bringing this action.

A hearing was had before the commissioner of reclamation upon proper notice and application made by appellants to change the point of diversion, and the application was granted. No appeal was taken from the action of the department of reclamation in issuing the permit as provided for in C. S., sec. 5582, and appellants seek to make the point that, since the statute provides for a review of the holding of the commissioner of reclamation by appeal to the district court, the remedy so provided is exclusive. With this contention we are not in accord. We are of the opinion that the remedy so provided is cumulative; that the commissioner of reclamation is ·but an administrative officer, without judicial powers, and any party aggrieved by the decision of such commissioner may either appeal to the district court, as provided in C. S., sec. 5582, or commence an

original action in said court for the determination of the question involved in the proceeding before the commissioner of reclamation. (*Speer v. Stephenson,* 16 Ida. 707, 717, 719, 102 Pac. 365.)

The next question involved is whether or not the change in the point of diversion or place of use injured other appropriators. C. S., sec. 5563, provides: "The person entitled to the use of water may change the place of diversion, if others are not injured by such change." See, also, *Hard v. Boise City Irr. Co.,* 9 Ida. 589, 76 Pac. 331, 65 L. R. A. 407; *Bennett v. Nourse,* 22 Ida. 249, 125 Pac. 1038; *Hall v. Blackman,* 22 Ida. 539, 126 Pac. 1045; *Basinger v. Taylor,* 30 Ida. 289, 164 Pac. 522.

From the record it appears that appellant Jones was decreed as of date April 20, 1880, a prior right of 60 inches of the waters of Rock Creek; that for years prior to the building of the Twin Falls system high-line canal through the lands of the respondents and subsequent thereto the 60 inches of water awarded to Jones as of the date of his priority was carried down Rock Creek and beneficially applied by Jones to his land; that after the construction of the high-line canal and by reason of the irrigation of lands thereunder and the nature of the construction of the canal, the waters of Rock Creek were, by underground flow, augmented and the flow materially increased below the point where the high-line canal crosses over Rock Creek. It further appears that the South Side Twin Falls Irrigation system, owning the Twin Falls high-line canal, had concreted, in the vicinity of the point where it crosses Rock Creek, a portion of its canal and that said work of concreting the canal will be further extended, which may materially decrease the flow of waste and seepage water into Rock Creek.

All of the lands of appropriators that are prior to appellant Jones' appropriation are above the proposed new point of diversion except Nephi Larsen's, the latter having a decreed right of 60 inches out of Rock Creek as of date 1879; D. P. Albee, 60 inches 1879; and the Utah Construction Company, 120 inches 1874–75. These rights, as well as any

other prior rights, would be supplied from the waters of Rock Creek before appellants would be entitled to any of the waters of said stream.

It is clear from the record that the change of the point of diversion would not be injurious to any of the appropriators prior to appellants, since they would have the right to have the water delivered to them under their decrees and according to their priorities; and subsequent appropriators would not be injured, provided there was any water remaining in Rock Creek after all prior appropriators' rights were supplied, since their lands are situated at some distance above the lands of appellant Jones where the water was formerly applied, but below the lands where the water is sought to be applied, and to those subsequent appropriators there may be a saving of seepage and evaporation covering a distance of five miles, as well as, possibly, the additional amount necessary to be turned into the creek in order that 60 inches of the water reached Jones' land.

[2] It is the view of the majority of the court that, under the pleadings in this case and as bearing upon the question of the right of appellants to change the point of use, further testimony should be taken for the purpose of showing, if it be a fact, that the 60 inches of water decreed to appellant Jones was supplied from springs arising within or immediately adjacent to Rock Creek above the point where the waters heretofore have been diverted or were diverted at the time subsequent appropriators made appropriations of the waters of Rock Creek, or below the point where it is proposed to change the point of diversion, and the court to make findings of fact thereon. In other words, if the 60 inches of water supplied to appellant Jones arose between the point where the same was diverted and the point where it is now proposed to divert the water, and that condition existed at the time subsequent appropriators made their appropriations, no change in the point of diversion or use can be made, if by reason thereof it would be injurious to subsequent appropriators.

42 Idaho—42

The high-line canal supplies water to the lands of respondents' tributary thereto and was constructed for that purpose as well as to supply water to other lands under the project.

The 60 inches of water awarded to appellant Jones in 1880 is a vested right in and to the waters of Rock Creek and is such a property right that cannot be taken from him without his consent by the substitution of an uncertain seepage or back-flow right. Jones was entitled to the 60 inches of the waters of Rock Creek as of April 20, 1880, which right was subject to sale (*Hard v. Boise City Irr. Co., supra*), and was sold and transferred to appellant Turner, who had a right to transfer such water right to other lands susceptible to irrigation from the waters of Rock Creek so long as such change did not interfere with the rights of others. (*Hard v. Boise City Irr. Co., supra.*)

Appellants are not required to accept a back-flow right or a seepage right in lieu of a decreed right in and to 60 inches of the waters of Rock Creek. The evidence does not support the court's finding or judgment to that effect.

It may not be improper to call attention to the fact that respondents in their complaint allege the corporate existence of the Utah Construction Company, one of the respondents, and that it is authorized to do business in this state. The answer of appellants put in issue both the question of the corporate existence of the Utah Construction Company and its compliance with the laws of this state relative to foreign corporations doing business therein. No evidence was offered in support of such allegations in the complaint, but the court found that the Utah Construction Company was a corporation organized under the laws of the state of Utah and that it had fully complied with the laws of this state governing foreign corporations doing business within the state, which finding was not supported by the evidence.

It may also be observed that, while it was alleged in the complaint and denied in the answer, no proof of ownership of the lands of the respective respondents was produced

upon the trial. Neither was it established, except inferentially, that the lands were arid in character.

The judgment is reversed and the cause remanded with instructions to the trial court to take further evidence upon the points herein indicated and to make findings of fact and conclusions of law based thereon, and for such further proceedings as are in accordance with the views herein expressed. Each of the parties to pay their own costs.

William A. Lee, C. J., and Wm. E. Lee, Givens and Taylor, JJ., concur.

(Sept. 30, 1926.)

ON PETITION FOR REHEARING.

WM. E. LEE, C. J.—It would seem that respondents, who have applied for a rehearing, misconstrue the decisive portion of the original opinion with respect to which they ask a rehearing. It was and still is the view of a majority of the court that the prior appropriator of the waters of a stream will not be permitted to change his point of diversion, if such change will injuriously affect the rights of subsequent appropriators as they existed at the time such subsequent appropriations were made; for a subsequent appropriator has a vested right to a continuance of conditions as they existed when he made his appropriation. With this principle in mind, in order to determine the rights of the prior as well as the subsequent appropriators, it was thought necessary for the trial court to take further testimony to determine the conditions that existed when subsequent appropriations were made. The following paragraph of the original opinion requires further testimony and states the view of the "majority" as to the law if certain given facts are found to exist:

"It is the view of the majority of the court that, under the pleadings in this case and as bearing upon the question of the right of appellants to change the point of use, further testimony should be taken for the purpose of showing, if it be a fact, that the 60 inches of water decreed to appellant

Jones was supplied from springs arising within or immediately adjacent to Rock Creek above the point where the waters heretofore have been diverted or were diverted at the time subsequent appropriators made appropriations of the waters of Rock Creek, or below the point where it is proposed to change the point of diversion, and the court to. make findings of fact thereon. In other words, if the 60 inches of water supplied to appellant Jones arose between the point where the same was diverted and the point where it is now proposed to divert the water, and that condition existed at the time subsequent appropriators made their appropriations, no change in the point of diversion or use can be made, if by reason thereof it would be injurious to subsequent appropriators.''

The petition for rehearing is denied.

Givens and Taylor, JJ., concur.

Budge, J., adheres to the views heretofore expressed.