(No. 4985. November 1, 1928.)

TWIN FALLS CANAL COMPANY, a Corporation, et al., Appellants, v. CORA B. SHIPPEN et al., Respondents.

[271 Pac. 578.]

788

Bothwell & Chapman, for Appellants.

O. A. Johannesen and C. A. Bandel, for Respondents.

BUDGE, J.—This proceeding was initiated before the commissioner of reclamation upon application of respondents as stockholders of the Long Island Irrigation Company for permission to change the point of diversion and place of use of 2,000 inches of the waters of Snake River previously decreed to the Long Island Irrigation Company. It appears from the application that respondents desire to have the 2,000 inches of water changed from the point of diversion maintained by the Long Island Irrigation Company to the point of diversion maintained by the Farmer's Friend Irrigation Company, and the place of use transferred from respondents' lands to lands under the system of the latter company. An order authorizing the transfer was issued by the commissioner of reclamation and an appeal taken to the district court, where, after hearing, the right of respondents to transfer the water was confirmed. This appeal is from the judgment of the district court.

The 2,000 inches of water in question were a part of the appropriation and decreed right of the Long Island Irrigation Company and were diverted and used by respondents on their lands each and every season up until the time of their sale and transfer to the Farmer's Friend Irrigation Company, and have been used by the latter's stockholders since the sale.

The commissioner of reclamation was authorized, under the provisions of C. S., sec. 5582, to grant the appli-

cation for change of point of diversion and place of use, provided no one was injured by the transfer. The right of respondents to change the point of diversion was the sole question for determination before the trial court, and is the only question here for review. In a proceeding to change the point of diversion of water the question of abandonment of priority is not generally before the court, if a proper objection be made thereto. (*New Cache La Poudre Irr. Co. v. Water Supply & S. Co.*, 74 Colo. 1, 218 Pac. 739.) Whether there has been an abandonment of the priority of any portion of the decreed right is a matter to be settled in some other appropriate proceeding. (*Lower Latham Ditch Co. v. Bijou Irr. Co.*, 41 Colo. 212, 93 Pac. 483.)

A water right is real property and may be sold and transferred separately from the land upon which it has been used, the same as any other real property. (C. S., sec. 5325; *Crockett v. Jones*, 42 Ida. 652, 249 Pac. 483; *Hard v. Boise City Irr. Co.*, 9 Ida. 589, 76 Pac. 331, 65 L. R. A. 407.) The right to change is a pre-existing right, and always can be enforced so long as the rights of others are not thereby injuriously affected, and belongs to the stockholder (consumer) in a mutual ditch company as fully as to any other appropriator. (*Wadsworth Ditch Co. v. Brown*, 39 Colo. 57, 88 Pac. 1060.)

The fact that respondents sold a portion of their water right, represented by their certificates of stock in the Long Island Irrigation Company, to the Farmer's Friend Irrigation Company, the water to be diverted from the irrigation system of the latter company, would not work an abandonment of the water right. The transfer being duly authorized by the Long Island Irrigation Company, appellants could have no ground for complaint unless they were injured thereby or had acquired some right in and to the water transferred. That appellants acquired no right or interest in the water is shown by its application to a beneficial use by respondents, under their decree, prior to the

sale, and the record fails to show that appellants were in any manner injured by the transfer.

Appellants objected upon the hearing before the district court to the introduction of any evidence in view of certain allegations contained in the application for change of point of diversion and place of use. While the application is not artfully drafted, no reversible error was committed by the trial court in overruling appellant's objection.

The judgment is affirmed. Costs to respondents.

Wm. E. Lee, C. J., and Givens, J., and Hartson, District Judge, concur.