(No. 5511. April 25, 1930.)

STATE OF IDAHO and WOOD LIVESTOCK COMPANY, a Corporation, Plaintiffs, v. RALPH W. ADAIR, District Judge of the Sixth Judicial District of the State of Idaho, Defendant.

[287 Pac. 950.]

W. D. Gillis, Attorney General, A. C. Cordon and S. E. Blaine, Assistant Attorneys General, and Peterson, Baum & Clark, for Plaintiff, cite no authorities on point decided.

John W. Jones and Guy Stevens, for Defendant.

GIVENS, C. J.—Plaintiffs applied for a writ of review directed to defendant to review a judgment rendered by defendant on an appeal from a decision of the commissioner of reclamation, denying an application for a transfer of the place of use of water under C. S., sec. 5582, amended 1921 Sess Laws, chap. 146, p. 334.

The determinative point herein is whether a writ of review or appeal is the proper procedure.

Plaintiffs contend the only remedy is by writ of review because an appeal is not authorized by C. S., sec. 7152, in this, that such appeal would not fall under either the second or third phrases of subdivision one of said section, nor subd. 2 thereof, and that it is not an action or special proceeding "commenced" in the district court coming under the first phrase of the first subdivision.

Though the point was not raised or discussed, an appeal was entertained by this court in such a proceeding as herein involved. (*Twin Falls Canal Co. v. Shippen,* 46 Ida. 787, 271 Pac. 578.)

C. S., sec. 5582, as amended in 1921 Sess. Laws, chap. 146, p. 334, provides for a hearing *de novo* in the district court and not upon the testimony or evidence previously adduced before the commissioner. The word "appeal" as used in the statute was not used in the sense of an "appeal" from an inferior court, since the commissioner of reclamation does not exercise judicial functions in the strict sense of the term. The word "appeal" then merely provides for a hearing on the decision of the commissioner of reclamation, in a court. So far as the district court, therefore, is con-

cerned, the hearing on the so-called "appeal" from the commissioner is an original proceeding "commenced" in said court.

C. S., sec. 3512, provides that on appeal to the district court from an order of the board of county commissioners such appeal shall be "heard anew." This phrase is similar in effect to the language in the last sentence in C. S., sec. 5582, under consideration herein. This court construed the words "heard anew" thus:

"What is meant by 'heard anew,' as used in this statute, is that the district court shall try the case as though originally brought in said court. . . . ." (*Gardner v. Blaine County*, 15 Ida. 698, at 702, 99 Pac. 826, 827.)

As said by the United States supreme court in *United States v. Ritchie*, 17 How. (U. S.) 525, 534, 15 L. ed. 236:

"But the answer to the objection is, that the suit in the district court is to be regarded as an original proceeding, the removal of the transcript, papers, and evidence into it from the board of commissioners being but a mode of providing for the institution of the suit in that court, the transfer, it is true, is called an appeal; we must not, however, be misled by a name, but look to the substance and intent of the proceeding. The district court is not confined to a mere re-examination of the case as heard and decided by the board of commissioners, but hears the case *de novo*, upon the papers and testimony which had been used before the board, they being made evidence in the district court; and also upon such further evidence as either party may see fit to produce." (*Fremont v. United States*, 17 How. (U. S.) 542, 15 L. ed. 241; *Grisar v. McDowell*, 6 Wall. (U. S.) 363, 18 L. ed. 863; *Kentucky & Indiana Bridge Co. v. Louisville & Nashville Ry. Co.*, 37 Fed. 567, at 614, 615, 2 L. R. A. 289; *Ricks v. Reed*, 19 Cal. 551 at 573.)

"To commence a suit, is to demand something by the institution of process in a court of justice." (*Cohens v. Virginia*, 6 Wheat. (U. S.) 264, 408, 5 L. ed. 257, 292. See, also, 1 C. J. 1145.)

From the above it follows that the judgment rendered by the district court was in an action "commenced" in said court. An appeal therefore lies and the writ is denied. Costs awarded to defendant.

Budge, Lee, Varian and McNaughton, JJ., concur.