(No. 5650. April 23, 1931.)

In the Matter of an Appeal from the DEPARTMENT OF RECLAMATION OF THE STATE OF IDAHO. In re Transfer of Water Rights of ENOCH and THOR-GER JOHNSON.

[300 Pac. 492.]

Merrill & Merrill, for Appellant.

T. C. Coffin, for Respondents.

VARIAN, J.—This is an appeal from a judgment affirming an order of the commissioner of reclamation permitting Enoch and Thorger Johnson to change the point of diversion and place of use of their water right in Soda Creek.

About June 27, 1929, the said parties made application, in the usual form, setting up their ownership of 3.9 cubic feet per second of the waters of Soda Creek, a tributary of Bear River, in Caribou county, Idaho, with priority of May 1, 1892, as awarded by (supplemental) decree of the federal court, dated June 18, 1926, for irrigating lands situate in townships 8 and 9, south of range 40 E., B. M.; that said water is now diverted from Soda Creek in the NE.¼ of section 12, twp. 9 south, range 41 E., B. M.; that said

applicants desire to abandon the use of said water upon the lands above mentioned and to convey and use the same on certain described lands in section 6, twp. 9 south, range 42 E., B. M.; that the reason for desiring to make such transfer is that they have sold their water to Ellis Kackley of Soda Springs, Idaho, for use upon the lands last de-. scribed; that he intends to divert said water by means of a ditch from Soda Creek in the NE.¼ of the SE.¼ of section 36, twp. 8 south, range 41 E., B. M., in Caribou county, being about a mile and three-quarters northerly above the former point of diversion; "and that no one will be injured by such transfer." Accompanying the application was the affidavit of two disinterested persons to the effect, among other things, that no one will be injured by granting the application. Appellant, Farmer's Land & Irrigation Co. of Alexander, Idaho, Ltd., appeared and contested the application before the commissioner of reclamation upon the following grounds summarized in the petition filed in the district court; that the petitioner will be injured by said proposed transfer in the following particulars:

"1. That the applicants suffered a forfeiture of their right to use a ditch through which to convey. any water right claimed by them, and thereafter did not provide themselves with a ditch and hence lost such right by reason of noncompliance with the decree of the above entitled court attached to said protest.

"2. That by permitting a transfer of said water right, your petitioner would be further injured in that the transfer would increase the percentage of carrying losses in your petitioner's canal to the lands served thereunder; would constitute a direct loss of water to your petitioner; would deprive your petitioner from revenues in succeeding years in assisting it in the up-keep of its canal, and would deprive the lands of the stockholders of your petitioner from the use, waste, run-off, etc., of said waters when not otherwise used by the present applicants for transfer of water rights, and would furthermore constitute a waste of water in that the lands to which said water is sought to be con-

veyed already have, as appears from said petition, a satisfactory water right.

"3. That the said Johnsons have abandoned and forfeited any water right they might have had by nonuse and by forfeiting a right of conveyance of said waters."

The commissioner of reclamation held with the applicants, respondents here, and granted permission to transfer the water right and change the point of diversion. Protestant appealed from his order to the district court, setting up by petition the proceedings theretofore had before the commissioner of reclamation and alleging that the reason for the attempted transfer by applicants was to defeat certain provisions of a revised decree entered in the case, *Farmers' Land & Irrigation Co. v. Enoch Johnson and Thorger Johnson,* made after appeal to this court from the original decree under direction of this court in said case (39 Ida. 255, 228 Pac. 311), hereinafter more fully referred to. The trial court, without making any formal separate findings and conclusions entered an "order and judgment" affirming the order of the commissioner of reclamation in all respects and specifically describing the water right and land to which it was transferred and finding that respondents have a right to the use of 3.9 cubic feet per second of time of the waters of Soda Creek, with priority of May 1, 1892, and specifically decreeing the abandonment of the right to the lands it was first applied to and decreeing it to the Kackley lands. The protestant has appealed from the judgment of the district court to this court.

From the record, it is apparent that appellant and respondents both take their water from Soda Creek, the former being entitled to 80 cubic feet per second of time and the latter to 3.9 cubic feet per second of time, with the same priority (May 1, 1892) and same point of diversion, under a decree of the federal court. That, under a final decree of the district court of the state of Idaho, for Bannock county, they are tenants in common of a certain ditch, commonly known as the Soda Canal, the appellant owning an undivided 4000/4195ths interest therein and the respond-

ents owning the remaining 195/4195ths interest therein. The control of the canal is vested in appellant with the right to determine what necessary repair and maintenance expenses, etc., may be incurred. The respondents did not make any of the payments designated in the decree and sought to transfer their place of use, change the point of diversion and sell their water right.

Appellant first contends that the undisputed evidence shows that it will be injured by the transfer of the place of use of respondent's water right. Generally speaking, the evidence is to the effect that respondents occupy the same canal with appellant; that appellant has a right to convey 80 cubic feet per second of time of water through said Soda Canal and respondents 3.9 cubic feet per second of time of water, both taking their water from the same point of diversion, and each having the same priority of use; that the change ordered will deprive appellant annually of $200 to be paid by respondents for use of the canal and that the additional maintenance charge of keeping up said canal is very small on account of respondents' use thereof; that under the state court's decree appellant is entitled to be repaid $2,450 for prior use of the canal by them, which sum will be lost to it if the change is affirmed; and that there is a greater proportionate loss from seepage and evaporation on account of the use of said canal by appellant only.

It must be conceded that generally an appropriator is entitled to change the point of diversion for his water "if others are not injured by such change." (C. S., sec. 5563; *Crockett et al. v. Jones et al.*, 42 Ida. 652, 249 Pac. 483; *Basinger et al. v. Taylor et al.*, 30 Ida. 289, 164 Pac. 522; *Hall v. Blackman*, 22 Ida. 539, 126 Pac. 1045; *Bennett et al. v. Nourse et al.*, 22 Ida. 249, 125 Pac. 1038; *Hard v. Boise City Irr. & Land Co.*, 9 Ida. 589, 76 Pac. 331, 65 L. R. A. 407.)

It is likewise established in this state that where one owns water, made appurtenant (as here to certain lands by decree of court, he may voluntarily abandon the use of such water "in whole or in part on the land which is re-

ceiving the benefit of the same and transfer the same to other land," provided no one shall be injured by such transfer. (C. S., sec. 5582, as amended by Sess. Laws 1921, chap. 146; *Hard v. Boise City Irr. & Land Co., supra; Twin Falls Canal Co. v. Shippen et al.,* 46 Ida. 787, 271 Pac. 578; *Crockett v. Jones, supra.*) And such owner may likewise sell and transfer his water rights to a purchaser who may transfer the same to other lands, provided it does not injure others. (*Hard v. Boise City Irr. & Land Co., supra; Twin Falls Canal Co. v. Shippen et al., supra; Glavin et al. v. Salmon River etc. Co.,* 39 Ida. 3, 226 Pac. 739; *Bennett v. Twin Falls Northside etc. Co.,* 27 Ida. 643, 150 Pac. 336; *Village of Hailey v. Riley,* 14 Ida. 481, 95 Pac. 686, 17 L. R. A., N. S., 86; *Hall v. Blackman, supra; Drake et al. v. Earhart,* 2 Ida. 750, 23 Pac. 541.) Such change of place of use does not work a forfeiture and is not an abandonment of the water right. (*Joyce v. Murphy Land etc. Co.,* 35 Ida. 549, 208 Pac. 241; *Joyce v. Rubin et al.,* 23 Ida. 296, 130 Pac. 793.)

 The ditch and water right are two separate species of property which are not inseparably connected. The old ditch may be abandoned and the water utilized through another ditch. (*Swank v. Sweetwater Irr. & Power Co., Ltd.,* 15 Ida. 353, 98 Pac. 297; *Parke v. Boulware,* 7 Ida. 490, 63 Pac. 1045.) Likewise, the ditch may be conveyed reserving the water right to the waters formerly flowing through said ditch. (2 Kinney on Irrigation, 2d ed., 1783; see *Stocker v. Kirtley,* 6 Ida. 795, 59 Pac. 891; *Ada County Farmers' Irr. Co. v. Farmers' Canal Co.,* 5 Ida. 793, 51 Pac. 990, 40 L. R. A. 485.) And where a ditch is used in common for the conveyance of water for two appropriations, each owner may sell or abandon his right to the ditch, separate from the other (2 Kinney on Irrigation, 2d ed., 1784; *Nichols v. McIntosh et al.,* 19 Colo. 22, 34 Pac. 278), the same right belongs to a stockholder in a mutual ditch company. (*Twin Falls Canal Co. v. Shippen et al., supra*). Of course, one of such tenants in common could

sell only his own interest in the ditch. (*Farm Investment Co. v. Gallup et al.*, 13 Wyo. 20, 76 Pac. 917.)

There can be no question, then, of the right of respondents to abandon their right to use the Soda Canal and transfer their point of diversion and sell their water right, provided no other person is injured thereby.

■ The term "injured" as used in the sections of the statute referred to (C. S., sec. 5563, and C. S., sec. 5582, as amended by Sess. Laws 1921, chap. 146) applies to injury to the water right of another. It has no application to any damage, or injury that may accrue to another growing out of the fact that he is a tenant in common of the same conduit with the owner of the water transferred. In other words, the proximate cause of the injury to appellant is not the change of point of diversion, or the place of use, but the failure of respondents to longer use the Soda Canal in common with appellant. Such injury, if compensable in damages, is not cognizable in this proceeding and does not prevent the sale of the water, or change in the means of conveyance, point of diversion, or place of use.

■ It is urged that respondents abandoned and lost their right to their 3.9 cubic feet per second of time of water when they failed to comply with the terms of the state court's decree, paragraph 2 of which reads as follows:

"It is further ordered, adjudged and decreed that if the defendants herein fail on or before the 1st day of December, 1928, to make said payment of $2450.00, with interest thereon as above provided, then and in that event, their rights and all of their rights in and to said canal system and every part thereof shall cease and terminate, and the water claimed by the defendants shall not thereafter be conveyed through said canal or any part of it and this decree shall thereupon operate as a complete bar to any further claims by said defendants and said defendants shall, without further order of this Court, be barred and enjoined forever from exercising any right or control over said system or conducting any water through the same or asserting any claims of any kind or character to said sys-

tem or any part or portion thereof and title to the whole of said system shall thereupon be quieted in the plaintiff.''

The decree further provides that the payment annually of $200, subject to adjustment, is a ''condition precedent to any right to use said canal'' by respondents. Paragraph 7 of said revised decree reads:

''It is further ordered, adjudged and decreed that yearly payments above provided for including that for 1928 shall be cumulative and that if defendants fail to make the payments any one calendar year and shall fail to use the water during that year, they shall not thereafter and upon any subsequent year be entitled to the use of said canal for transporting any water therein until they shall have paid such cumulative amounts including the then current year together with interest on all amounts due for prior years at seven per cent per annum from May 1st of such prior years to date of payment and that if such arrears should exist the plaintiff may, at his option, have execution therefor as a money judgment.''

There is nothing in this decree that declares a forfeiture of the water right as distinguished from the right to carry water through Soda Canal. It provides a forfeiture of the right of respondents to carry their water through the canal, if they fail to pay the sum of $2,450 and the annual sum of $200; nothing more. Under the circumstances shown by this record respondents did not abandon their right to the 3.9 cubic feet per second of time of water decreed them by the federal district court. The question of the abandonment of any portion of the decreed water right is a matter to be determined in some other proceeding. (*Twin Falls Canal Co. v. Shippen et al., supra.*)

Appellant contends that this court should not, by affirming the judgment in this case, aid respondents in violating said decree. It does not appear that respondents are seeking to violate the decree. The decree says in effect, if you continue to use the Soda Canal for the transmission of your water you must pay to appellant certain sums. If

you do not pay, you cannot use the canal. Payment is merely made a condition precedent.

The final assignment of error is to the effect that the court erred in failing to make findings of fact and conclusions of law. The court made no formal findings and conclusions but its order and judgment merely found that respondents had a right to use the waters of Soda Creek, to the extent of 3.9 cubic feet per second of time, with priority as of May 1, 1892, as decreed by the federal district court.

The hearing on appeal to the district court from the order of the commissioner of reclamation is a trial *de novo*. (*State et al. v. Adair*, 49 Ida. 271, 287 Pac. 950; *First Security Bank v. State et al.*, 49 Ida. 740, 291 Pac. 1064.) And after appeal to the district court, the proceeding is subject to removal to the federal court on the ground of diversity of citizenship, since the proceeding then becomes a suit involving questions of law and fact in a judicial sense as distinguished from a proceeding before a purely administrative officer. (*In re Water Right of Utah Construction Co.*, (D. C.) 30 Fed. (2d) 436.)

In the case of an appeal from an order of the board of county commissioners it is necesary for the district court to make findings of fact and conclusions of law. (*Reynolds v. Board of County Commrs., etc.*, 6 Ida. 787, 59 Pac. 730. Since the appeal to the district court from the order of the commissioner of reclamation requires a trial *de novo* in that court, it follows that the court should make and file its findings of fact and conclusions of law as in other cases tried to the court without a jury. (C. S., sec. 6867.) However, in the case at bar, the protest and the evidence does not disclose the change of the place of use of the water in question, under C. S., sec. 5582, as amended, *supra*, would in any way ''injure'' appellant within the contemplation of the provisions of said section as amended, nor would the change of the point of diversion (C. S., sec. 5563) "injure" anyone by the change within the meaning of the word as used in said section. Where the facts show

that no findings conflicting with the court's conclusion could be made upon the evidence (*Vinyard et al. v. Northside Canal Co., Ltd.,* 47 Ida. 272, 274 Pac. 1069, the judgment will not be reversed. Nor will a judgment be reversed for failure to make a finding, unless it appears from the record that there was evidence before the court from which it was required to make a finding that would countervail its other findings. (*Storey & Fawcett v. Nampa etc. Irr. Dist.,* 32 Ida. 713, 187 Pac. 946; *South Boise Water Co. v. McDonald,* 50 Ida. 409, 296 Pac. 591; *Cleveland v. Mochel et al.,* 48 Ida. 37, 279 Pac. 410; *Marysville Development Co. v. Hargis,* 41 Ida. 257, 239 Pac. 522.) We, therefore, do not deem it necessary to remand the case for further findings. The judgment is affirmed. Costs to respondents.

Lee, C. J., and Budge, Givens and McNaughton, JJ., concur.