483 P.2d 1327

**Paul BISHOP et al., Plaintiffs-Respondents,**

**v.**

**Clifton DIXON, Defendant-Appellant.**

**No. 10499.**

Supreme Court of Idaho.

March 5, 1971.

Rehearing Denied April 1, 1971.

172

Rayborn, Rayborn, Webb & Pike, Twin Falls, for defendant-appellant.

James, Hobdey & Shaw, Gooding, for plaintiffs-respondents.

SPEAR, Justice.

Defendant-appellant's petition for rehearing is denied. However, on the basis of said petition the court has reconsidered the original opinion issued in this cause and released on the 8th day of December, 1970. That opinion is withdrawn and this opinion is substituted therefor.

This appeal arises out of an action seeking an injunction to restrain the defendant-appellant, Clifton Dixon, from diverting water from the pipeline owned by the plaintiff-respondent, Little Wood Villa Community Lateral Association, at any other point than the diversion point originally granted to him, and to require him to restore the pipeline to its original condition. From a judgment entered against him, appellant brought this appeal.

All of the parties to this action are owners of water stock in the Big Wood Canal Company. This water stock grants its owner the right to one miner's inch of water for each share of stock owned. The canal company delivers water from its canal system to a point immediately east and across a county road from the eastern boundary of appellant's property. From this point the water is carried in a pipeline constructed, maintained and owned by the Little Wood Villa Community Lateral Association, and is diverted to the respective members of the association from the pipeline at certain designated points of diversion. All of the parties to this action are members of the association, and they have adopted rules, regulations and bylaws for the maintenance and management of the pipeline. The working arrangement set out by these regulations consists of the pooling of the water rights of the members and the joint use of this water on a rotation basis, thereby allowing each of the members a full head of water for certain specified periods of time.

Prior to 1965 the property now owned by the appellant consisting of approximately 3.3 acres was part of a larger tract of land owned by one of the respondents and a member of the association, LeRoy Lowman. The association's pipeline runs in an east-to-west direction and enters appellant's property on the east side, at which point there is a valve for diverting water to irrigate the lands lying south of said pipeline on the appellant's property. The testimony is somewhat conflicting and confusing regarding the contour and slope of appellant's land and the possibilities existing for irrigation, but it is agreed that appellant's land to the north of the pipeline, prior to his ownership, was irrigated from a headgate on the adjacent property located approximately 300 feet west of the appellant's western boundary.

After appellant acquired the property, he constructed a home in the northern section

of the property and in the spring of 1966 constructed a cement pipeline just inside his western boundary running north and south from the point where the association pipeline intersects with his western boundary. He then submitted applications to the association requesting them to allow him to divert water from the association pipeline at a point where his newly built cement pipeline transversed the association's pipeline. All of his applications were turned down. In 1968 appellant installed a valve onto the association pipeline and connected it to his completed north-south pipeline.

The association members then brought an action seeking a court injunction to restrain the appellant from diverting water from the association pipeline at the new diversion point he had made, and to require him to restore the pipeline to its original condition. The action was based on grounds that the by-laws of the association forbade any new diversion points without the consent of the other members, and that appellant through his actions had injured the members' water rights, and the facilities of the association. From a judgment granting the injunction, appellant perfected this appeal.

One issue presented by this appeal is: Whether a member of a community lateral water users' association has a statutory right to change his point of diversion without the consent of the association and contrary to the by-laws of the association, if the water rights of others are not injured by the change.

This question is controlled by I.C. § 42-108 which, prior to the 1969 amendment thereto which is not applicable in this case, provided:

*"Change in point of diversion and place of use—Application of act.*—The person entitled to the use of water or owning any land to which water has been made appurtenant either by a decree of the court or under the provisions of the constitution and statutes of this state, may change the point of diversion, and/or may voluntarily abandon the use of such water in whole or in part on the land which is receiving the benefit of the same and transfer the same to other lands, if the water rights of others are not injured by such change in point of diversion or place of use, provided; if the right to the use of such water, or the use of the diversion works or irrigation system is represented by shares of stock in a corporation or if such works or system is owned and/or managed by an irrigation district, no change in the point of diversion or place of use of such water shall be made or allowed without the consent of such corporation or irrigation district, except to lands which may be irrigated through the same system, and provided further, that the provisions of this act shall have no application to irrigation systems operating under the provisions of the act of congress of the United States known as the Carey Act."

On two different occasions prior to 1969, the legislature amended this statute to restrict the right of a person to change his point of diversion. The amendments restricted such right, however, only where the right to the use of the water or of the diversion system was represented by shares of stock in a corporation or where the diversion system was owned or managed by an irrigation district and, in addition, only where the water was to be diverted to lands which could not be irrigated through the same system. Idaho Session Laws, 1943, Ch. 53, p. 101; 1947, Ch. 80, p. 130. Despite these amendments regarding corporations and irrigation districts, no amendment was made as to statutorily authorized community lateral associations. See I.C. § 42-1301. Of more significance in ascertaining the legislative intent, perhaps, is the fact that even as to corporations and irrigation districts, no consent is required for a change in point of diversion where such change is made within the diversion system. Thus, under the statute, the appellant had a right to change his point of diversion as long as he did not injure the water rights of others. In Re Department of Reclamation of Idaho, 50 Idaho 573, 300 P. 492 (1931); Application of Boyer, 73

Idaho 152, 248 P.2d 540 (1952); Beecher v. Cassia Creek Irr. Co., 66 Idaho 1, 154 P.2d 507 (1944).

Respondents contend, however, that the appellant waived or relinquished his right to change his point of diversion without the consent of the association. They argue that the by-laws had been adopted and were in full effect at the time appellant joined the association, and that since the appellant exercised the privileges and benefits derived from his membership, he should be bound by the association by-laws.

The formation of lateral ditch water users' associations is specifically authorized by I.C. § 42–1301 which, regarding the adoption of rules and regulations by the association, provides:

" * * * Such association may adopt such rules and regulations for the management of said lateral or laterals or distributing ditch or ditches and the delivery of water therefrom as they deem best, and may, by majority vote, if it be deemed for the best interests of the association, combine one or more laterals and abandon laterals not in use, *and do any and all things not in conflict with* the provisions of this chapter *or the laws of this state* wherein the best interests of the association will be furthered." (emphasis added)

Since the association by-laws prohibited a change in the point of diversion of the water of any member regardless of whether or not the water rights of others were injured thereby, such rule was in conflict with I.C. § 42–108 and was thus invalid. Therefore, the appellant had a statutory right under I.C. § 42–108 to change his point of diversion in contravention of the association's by-laws as long as he did not injure the water rights of others. For a similar holding by this court as to a stockholder or consumer in a mutual ditch company, see Twin Falls Canal Co. v. Shippen, 46 Idaho 787, 271 P. 578 (1928).

Thus it becomes apparent that the crucial factual question in this cause is whether or not appellant did in fact injure the water rights of others by changing his point of diversion. While the trial court did specifically find that by changing the point of diversion and cutting into the pipeline of the association the appellant had injured the facilities of the association, and also caused a change in the rights of the members to the use of their respective waters, there was no explicit finding of fact that the water rights of others had in fact been injured by the acts of the appellant. The testimony in this regard contained in the record is woefully lacking. Such deficiency may have been caused in part because until it was so established in this cause, the law in Idaho had not yet been decided concerning the standing of the rules, regulations and by-laws of the Little Wood Villa Community Lateral Association relative to "change in point of diversion or place of use" when considered in the light of the provisions of I.C. § 42–108. It is entirely possible that the attention of counsel and the trial court was directed primarily to the limitations on the change of place of diversion set out in the rules, regulations and by-laws of the association, i. e., only with the consent of the members of the association, and little thought or attention was paid to the interference, if any, of the water rights of other users by the diversion actually made by the appellant.

For this reason the cause is remanded for the making of a specific determination by the trial court on the question of whether or not the rights of other users were in fact injured by appellant's change in point of diversion. If additional testimony is required to assist the trial judge in this determination, a new trial for that purpose should be ordered.

Judgment reversed and cause remanded.

Costs to appellant.

McQUADE, C. J., and McFADDEN, DONALDSON and SHEPARD, JJ., concur.